UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ET AL,<br><br>Defendant. | Case No. 25-cv-05030-AGT<br><br>**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** |



FILED

JUN 13 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

This action is assigned to the Honorable Alex G. Tse.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Plaintiff or the removing party must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" (also available at www.cand.uscourts.gov/forms) within 14 days of case initiation, and all other parties must do so within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 8/22/2025 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 8/22/2025 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 9/5/2025 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 9/5/2025 |
| Initial Case Management Conference location: **To be held by Zoom. Go to cand.uscourts.gov/agt for Zoom link.** | 9/12/2025 at 2:00 PM |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY KIRSTEN TANKERSLEY,

Plaintiff,

v.

UNITED STATES OF AMERICA ET AL,

Defendant.

Case No. 25-cv-05030-AGT

**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION**

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ **CONSENT to Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

**OR**

☐ **DECLINE Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____    NAME: _____

_____
*Signature or "/s/"*

COUNSEL FOR
(OR "PRO SE"): _____

**STANDING ORDER FOR ALL JUDGES**
**OF THE NORTHERN DISTRICT OF CALIFORNIA**
**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.    Class Actions: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10.   Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.   Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.   Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

*Effective January 17, 2023*

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE ALEX G. TSE

I.    CONFORMITY WITH RULES

Parties must follow the Federal Rules of Civil Procedure and the Northern District of
California's local rules and general orders, except as superseded by this standing order.
Failure to comply with these rules and orders may be grounds for monetary sanctions,
dismissal, entry of judgment, or other appropriate sanctions. Parties are also encouraged
to comply with the Northern District of California's guidelines for professional conduct.[1]

II.    HEARINGS

A.    Dates and Times

Motions are heard on Fridays at 10:00 a.m. If more than one motion is set for a given
Friday, the Court may—but will not always—assign separate times for each motion (e.g.,
motion one will be heard at 10:00 a.m., motion two will be heard at 10:30 a.m.). These
assignments sometimes will not be made until the day before the hearings, so parties
should check ECF or the Court's calendar to determine if separate times have been
assigned. Unless a motion is specially set, the Court will not schedule a hearing before
10:00 a.m. The parties may not specially set any matter without leave of the Court.

During the months when Judge Tse is on criminal duty, the Court may move motion
hearings to Friday afternoons.

Case management and pretrial conferences are heard on Fridays at 2:00 p.m.

B.    Location

Usually, motion hearings and pretrial conferences will be held in Judge Tse's courtroom,
while case management conferences will be held remotely on Zoom. Parties should check
ECF or the Court's calendar to confirm the location of any particular hearing.

When a Zoom proceeding is scheduled, the Zoom link will be posted on the ECF docket.
The link is also available at https://www.cand.uscourts.gov/judges/tse-alex-g-agt/.

---

[1] *See* www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/

1

(last updated August 16, 2024)

C.    Scheduling

Parties should notice motions pursuant to the local rules. Noticed dates may be reset as the Court's calendar requires or vacated when oral argument isn't needed. For scheduling questions, please contact Judge Tse's Courtroom Deputy, Stephen Ybarra, at (415) 522-3694 or agtcrd@cand.uscourts.gov.

D.    Opportunities for Junior Lawyers

The Court welcomes and encourages oral argument by less-experienced attorneys.

E.    Transcripts

All hearings, case management, status and pretrial conferences are audio recorded; court reporters are usually not provided. Parties may request a copy of the audio recording (on CD), or a transcription of the audio recording, or the court reporter's transcript if applicable, by following the procedures set out at www.cand.uscourts.gov/transcripts.

III.    CONSENT CASES

In civil cases that are randomly assigned to Judge Tse for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion to remand), the moving party must file the consent or declination simultaneously with the motion. The consent/declination form is available at www.cand.uscourts.gov/civilforms.

In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1.

IV.    COURTESY COPIES

Paper courtesy copies should not be submitted unless the Court requests them.

V.    PROPOSED ORDERS

Any stipulation or proposed order in a case subject to e-filing should, in addition to being e-filed, be submitted by email to agtpo@cand.uscourts.gov as a Word document on the same day the document is e-filed. This email address should be used only for this stated purpose unless otherwise directed by the Court.

2

(last updated August 16, 2024)

VI.    CIVIL CASE MANAGEMENT

A.    Case Management Statements

Prior to an initial or further case management conference, counsel must meet and confer and then, no later than seven days before the conference, file a joint statement, or file separate statements if permitted by Civil Local Rule 16-9. For all initial case management conferences, the joint statement must comply with the Standing Order for All Judges of the Northern District of California, available here. For further case management conferences, the joint statement need only address matters that the parties wish to discuss and matters that have changed since the last conference.

B.    Amended Pleadings

Any party who files an amended pleading must concurrently file a redlined version comparing the amended pleading to the prior operative pleading.

C.    Documents filed on ECF

When exhibits are included with a motion, opposition brief, or reply brief, the exhibits should be filed separately on ECF. For example, if a motion is Docket No. 30, and a declaration with 10 exhibits is Docket No. 31, Exhibit A should be filed as Docket No. 31-1, Exhibit B should be filed as Docket No. 31-2, and so on. All exhibits should be filed in a searchable OCR format when possible.

D.    Motions to File Under Seal

Parties are reminded that court proceedings are presumptively public. Any request to file a document under seal must comply with Civil Local Rule 79-5.

VII.    CIVIL DISCOVERY

A.    Evidence Preservation

Parties must take the steps needed to preserve information relevant to the issues in the litigation, including suspending document-destruction programs that, if not suspended, could result in evidence spoliation.

B.    Discovery Disputes

Discovery disputes referred from a district judge and those that occur in cases assigned to Judge Tse for all purposes, through consent of the parties, shall proceed as follows:

Upon the development of an impasse, the parties must first meet and confer. Counsel for each party must meet and confer in person or by videoconference. A mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement.

3

(last updated August 16, 2024)

If the parties are unable to resolve their dispute informally after a good-faith effort, including meet and confer efforts conducted by lead counsel, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) stating the following:

1.    an attestation that counsel for the parties met and conferred in person or by videoconference in good faith to resolve their dispute before filing the joint statement;

2.    each party's position, including pertinent factual background, requested relief, and citations to relevant legal authority; and

3.    each party's final proposed compromise.

Relevant declarations and exhibits may be attached to the joint statement. If specific discovery requests, i.e., interrogatories, requests for production of documents, requests for admission, are in dispute, the parties must attach the following to their joint statement: a copy of the disputed requests, a copy of the disputed responses, and a copy of the definitions of any defined terms used in the disputed requests.

A joint statement should address only one issue or a few issues that are inextricably related. Multiple joint statements should be filed if there are discrete issues in dispute.

Joint statements must be e-filed (unless the case is exempt from e-filing requirements) under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

Upon review of a joint statement, the Court will advise the parties of how it intends to proceed. The Court may issue a ruling, schedule a hearing, or order more briefing. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

C.    Protective Orders

If parties believe a protective order is necessary, they must when practicable use one of the model protective orders, available at www.cand.uscourts.gov/forms/model-protective-orders.

When parties ask the Court to approve a stipulated protective order, they must file with the proposed order either (i) a statement in which they confirm that the proposed protective order doesn't differ in any respect from the model order, or (ii) a redline comparing the proposed protective order with the model order, along with an explanation of any changes.

The Court endeavors to use the model orders and discourages making edits to them for purely stylistic reasons, even if all parties agree.

(last updated August 16, 2024)

D.    Privilege Logs

Privilege logs must be promptly provided and sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5).

Privilege logs must contain the following:

- the title and description of the document, including the number of pages or Bates-number range;
- the subject matter addressed in the document;
- the identity and position of its author;
- the identity and position of all addressees and recipients;
- the date the document was prepared and, if different, the date on which it was sent to or shared with persons other than its author; and
- the basis for the claim that the document is privileged or protected.

Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

E.    Document Responses

To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

F.    Depositions

Depositions of fact witnesses must be noticed at least 30 days before the close of fact discovery.

Counsel must consult in advance with opposing counsel to schedule depositions at a mutually convenient time and location. Counsel and parties must comply with Fed. R. Civ. P. 30(d)(1). Speaking objections are prohibited. When privilege is claimed, the witness must answer questions relevant to the existence, extent, or waiver of the privilege unless such information is itself privileged.

In true emergencies, any party may, after exhausting good-faith attempts to resolve disputed issues, seek judicial intervention under Civil Local Rule 37-1(b) by contacting Judge Tse through his courtroom deputy. Before calling, the parties must first send a short email describing the nature of the dispute to agtcrd@cand.uscourts.gov. If the judge is unavailable, the deposition shall proceed with objections noted for the record.

(last updated August 16, 2024)

VIII.    UNREPRESENTED (PRO SE) PARTIES

Parties representing themselves should visit the link titled "If You Don't Have a lawyer…" on the Court's homepage, www.cand.uscourts.gov. The link connects to a page that discusses the Court's Legal Help Centers, which provide free assistance for unrepresented parties. Pro se civil litigants can request a Legal Help Center appointment by emailing fedpro@sfbar.org or by calling (415) 782-8982.

IT IS SO ORDERED.

ALEX G. TSE
United States Magistrate Judge

6

(last updated August 16, 2024)