BRETT A. SHUMATE
Assistant Attorney General
JONATHAN GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044
(202) 598-7354

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>Date: October 17, 2025<br>Time: 10:00 A.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

**NOTICE OF MOTION**

Please take notice that the United States moves to dismiss the Complaint filed by Plaintiff Kelly Kirsten Tankersley against the United States.[1] Pursuant to L.R. 7-2(a), this matter shall be heard by the Honorable Magistrate Judge Alex G. Tse for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom A, 15th Floor, San Francisco, California on September 29, 2025, at 10:00 A.M., or as may suit the Court's convenience.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Kelly Kirsten Tankersley brings a negligence action against the United States under the Federal Tort Claims Act ("FTCA"). Complaint, ECF No. 1 ("Compl.") at 2, ¶ 1. The United States moves to dismiss the Complaint with prejudice for two reasons: (1) the statute of limitations bars the Complaint, and (2) the Complaint fails to state a claim upon which relief may be granted because the Complaint lacks allegations sufficient to establish the Court's jurisdiction. Even though Plaintiff is proceeding pro se, dismissal with prejudice is appropriate because amendment would be futile.

**I.  FACTS**

Plaintiff alleges she has lived on property adjacent to the former Hunters Point Naval Shipyard ("HPNS") since 1997. Compl. at 2, ¶¶ 4–5. While living there, Plaintiff alleges she has been exposed to radioactive isotopes, Plutonium 238 and Plutonium 244, which she attributes to the "inhalation of contaminants resuspended from activities carried out" on certain parcels of HPNS. *Id.* at 3, ¶ 6. Plaintiff alleges that "the extent of [her] exposure is at the level where it has impacted [her] daily life and is best described as extreme and the progression is rapid." *Id.* at 3, ¶ 7.

The Complaint alleges that the Department of Defense ("DoD") is "aware of the hazards of internal Plutonium exposure," but has "violated their own promise as pledged in DoD policies and directives." *Id.* at 3, ¶ 8. Plaintiff alleges that the DoD "not only intentionally delayed treatment but have suffered onto me [sic] the type of harm they would never take on themselves." *Id.*

---

[1] The United States is the "sole party which may be sued for personal injuries arising out of the negligence of its employees. Individual agencies of the United States may not be sued." *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir.1984) (internal citations omitted); *see also* 28 U.S.C. § 2679(a). The Navy should accordingly be dismissed as a defendant in this action.

Under the heading "Claim of Negligence," the Complaint cites (1) the Nuclear Weapon Accident Response Procedure ("NARP"), (2) 42 U.S.C. 9607, *i.e.*, the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), and (3) Department of Defense Directive 3150.08, *i.e.*, DoD Response to U.S. Nuclear Weapon and Radiological Material Incidents. *Id.* at 4, ¶¶ 1–2. The Complaint also includes two exhibits, containing photographs and email correspondence among the Plaintiff and other individuals regarding her allegations of exposure to radioactive isotopes. *See* Compl. Ex. A; Compl. Ex. B.

Prior to filing this Complaint, Plaintiff submitted an administrative claim to the Navy in June 2024. *See* Ex. 1 Affidavit of Thomas Campbell, ¶ 4. Upon review of Plaintiff's administrative claim, the Navy determined the claim did not contain the information necessary to properly present a claim under the FTCA because the claim did not contain a statement of the total sum claimed, or "sum certain." *Id.* ¶ 6. The Navy sent Plaintiff an unperfected claim letter in July 2024, instructing Plaintiff to provide a sum certain. *Id.* The Navy received an administrative claim, including a sum certain of five million dollars on August 27, 2024. *Id.* ¶ 7. Accordingly, August 27, 2024 is the date Plaintiff's administrative claim is deemed "perfected" or properly presented under the FTCA. *See Taylor v. Kobayashi*, 2023 WL 2400879, at *1 (9th Cir. March 8, 2023) (identifying sum certain is a jurisdictional requirement for an FTCA claim to be considered perfected).

## II.     LEGAL STANDARD

The United States moves to dismiss the Complaint because it is time-barred. When determining whether a complaint is barred by the statute of limitations and "the relevant dates are not evident in the complaint, the court may consult evidence outside the complaint, converting a motion to dismiss to a motion for summary judgment." *Ritchie v. United States*, 210 F. Supp. 2d 1120, 1123 (N.D. Cal. 2002). Summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Dismissal without leave to amend is proper when it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F. 3d 1048, 1056 (9th Cir. 2007) (internal quotation omitted).

The United States further moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for failure to state a claim upon which relief may be granted because the Complaint lacks allegations sufficient to establish the Court's jurisdiction. The burden of establishing that a federal district court has jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When evaluating a Rule 12(b)(6) motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[A]llegations in a complaint ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (internal quotation omitted). The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

The United States also moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). This is because courts have an affirmative obligation to ensure jurisdiction exists, so factual allegations "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Anderson v. United States*, 2022 WL 12427679 at *1 (C.D. Cal. Aug. 18, 2022).

### III.     ARGUMENT

The Court should dismiss Plaintiff's Complaint for two independent reasons. First, the two-year statute of limitations for FTCA claims bars Plaintiff's Complaint. An exhibit Plaintiff attached to her Complaint shows that Plaintiff was aware of a potential claim more than two years prior to filing her administrative claim. Second, Plaintiff fails to meet federal pleading standards because Plaintiff does not allege facts sufficient to establish subject matter jurisdiction. Specifically, the

Complaint does not allege that the United States owed Plaintiff a duty under state law or facially plead a claim outside the FTCA's discretionary function exception.

### A.     The Statute of Limitations Bars Plaintiff's Claim.

"The [FTCA] provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405, (2015) (quoting 28 U.S.C. § 2401(b)). Here, the statute of limitations bars Plaintiff's claim because Plaintiff filed an administrative claim with the United States more than two years after becoming aware of her claim.

An administrative tort claim must be presented to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). Under federal law, "[t]he general rule in tort law is that the claim accrues at the time of the plaintiff's injury." *Davis v. United States*, 642 F.2d 328, 330 (9th Cir. 1981). A claim accrues as soon as the plaintiff suffers any injury, "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–27 (1991)).

Under the FTCA, accrual does not wait for a plaintiff to learn of the "precise extent of the damage resulting from the tort." *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969). Doing so "would impose intolerable burdens upon the Government and would, in effect, frustrate the expressed will of the Congress." *Id.*; *see also Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984) ("*Ashley* holds that a claim does not wait to accrue until a party knows the precise extent of an injury."); *Doe v. Cnty. of Josephine*, 2015 WL 2412181, at *4 (D. Or. May 18, 2015) (collecting cases showing that "numerous courts have held that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue"). Rather, the FTCA applies the traditional tort rule that a claim accrues "when the wrongful act or omission results in damages…even though the full extent of the injury is not then known or predictable." *See Wallace*, 549 U.S. at 391 (internal citations omitted); *In re Swine Flu Prods. Liab. Litig.*, 764 F.2d 637, 639 (9th Cir. 1985) (noting that the FTCA applies "the traditional tort rule that a claim accrues at the time of injury").

      Here, the Navy received Plaintiff's perfected administrative claim on August 27, 2024. *See* Ex. 1 Affidavit of Tom Campbell, ¶ 7. The Complaint is barred if Plaintiff's claim accrued more than two years before she asserted her administrative claim, *i.e.*, before August 27, 2022. Plaintiff attaches evidence to her Complaint that identifies a date by which Plaintiff knew of her injury and what she alleges is the probable cause of her injury. Exhibit B to Plaintiff's Complaint includes an email dated September 28, 2021, from Dr. Amisha Porter Sumchai MD PD to Plaintiff, copying the "Hunters Point Community Biomonitoring Program." Compl. Ex. B at 11. The email describes Plaintiff's urinary screening in connection with Plaintiff's toxicology results—the alleged harm in the Complaint. *Id.* This email demonstrates that Plaintiff was aware of her urinary screening results at least by September 28, 2021, more than two years before Plaintiff filed her administrative claim. Moreover, Dr. Sumchai's email address is "@hunterspointcommunitybiomonitoring.net" and Dr. Sumchai copies the "Hunters Point Community Biomonitoring Program" on her emails with Plaintiff. *Id.* This evidence shows that Plaintiff was aware of what she alleges is the probable cause of her urinary screening results—exposure to toxins at HPNS—at the time of this email correspondence on September 28, 2021.

      The Supreme Court has considered a similar statute of limitations question and held that the claim was time-barred. In *United States v. Kubrick*, the plaintiff was "aware of his injury and its probable cause," but not that the probable cause constituted medical malpractice under the law. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). The Court reversed the Court of Appeals' holding that the plaintiff's claim "had not yet accrued and did not accrue until he knew or could reasonably be expected to know that in the eyes of the law the [] treatment constituted medical malpractice." *Id.* The Court explained, "[a] plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government." *Id.* at 123. Same too here. Plaintiff was aware of her urinary screening result and its alleged connection to HPNS as early as September 28, 2021. Plaintiff had two years from that date, until September 28, 2023, to seek proper advice, investigate for responsible

parties, and to file an administrative claim. Plaintiff failed to do so until June 10, 2024 and failed to perfect her claim such that the Navy properly received the claim until August 27, 2024.[2] Accordingly, the statute of limitations bars Plaintiff's Complaint, it cannot be saved by amendment, and the Court should dismiss the Complaint with prejudice.

> **B.     Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because it Lacks Allegations Sufficient to Establish Jurisdiction.**

"Pursuant to Rule 12(b)(6), a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 909–10 (C.D. Cal. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility' if the plaintiff pleads facts that 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 910 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts do not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A]lthough pro se pleadings are construed liberally, even pro se pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.'" *Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 727 (9th Cir. 2012) (citing *Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir.1995)).

---

[2] For the purposes of the statute of limitations, August 27, 2024 is the date that the Navy received Plaintiff's administrative claim because identifying sum certain is a jurisdictional issue. *See Taylor v. Kobayashi*, 2023 WL 2400879, at *1 (9th Cir. March 8, 2023). But even if the Court construed the administrative claim as filed on June 10, 2024, when Plaintiff's unperfected claim was initially submitted, the evidence attached to Plaintiff's Complaint demonstrates that Plaintiff knew of her potential claim by September 28, 2021, still more than two years before June 10, 2024.

The Complaint does not meet the *Twombly/Iqbal* pleading standard because it does not allege facts to establish jurisdiction for two reasons: (1) Plaintiff does not identify a duty owed by the United States under state law, and (2) Plaintiff does not identify any mandatory or specific directives to facially plead that the that the discretionary function exception of the FTCA does not apply.

### 1. Failure to Allege Duty Under State Law

The Complaint fails to allege facts sufficient to establish the Court's jurisdiction because the Complaint does not identify a duty under state law owed to Plaintiff by the United States. The FTCA waives sovereign immunity only for breaches of duty under state tort law. 28 U.S.C. § 1346(b)(1) ("in accordance with the law of the place where the act or omission occurred"); *see also Lam v. United States*, 979 F.3d 665, 672 (9th Cir. 2020) ("Liability arises for these acts if a private person would be liable to the claimant under the law of the place where the act or omission occurred."). Here, Plaintiff does not specify the basis of her negligence claim. In other words, Plaintiff does not specify the basis upon which she alleges the United States owed her a duty under state law.

Construing the Complaint in the light most favorable to Plaintiff, the Complaint may intend to identify DoD policy and CERCLA as establishing duties owed by the United States. For example, the Complaint alleges the DoD has "violated their own promise as pledged in DoD policies and directives." Compl. at 3, ¶ 8. Under the heading "Claim of Negligence," the Complaint references the "Nuclear Weapon Accident Response Procedure," the CERCLA statute, 42 U.S.C. 9607(a), and DoD Directive 3150.08, purportedly to allege a basis of a duty owed by the United States to Plaintiff. *See* Compl. at 4, ¶¶ 1–2. However, these policies and statutes are not "the law of the place," as required by the FTCA because they are not duties arising under California state law.

Because the Complaint fails to allege a duty under state law, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

### 2. Failure to Allege Discretionary Function Exception Does Not Apply

The Complaint also does not allege facts sufficient to establish the Court's jurisdiction because the Complaint fails to demonstrate the discretionary function exception is facially inapplicable. Plaintiff brings her claim under the FTCA, which waives sovereign immunity and provides federal jurisdiction for certain tort claims against the United States. 28 U.S.C. § 1346(b)(1).

Waiver under the FTCA is limited by several exceptions, including the discretionary function exception. The discretionary function exception withdraws federal jurisdiction for FTCA claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

On a motion to dismiss, "[t]o determine whether the discretionary function exception applies, a court must first determine whether the challenged conduct involves an element of judgment or choice." *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1051 (N.D. Cal. 2015). While the United States has the burden to prove that the discretionary function exception applies, "'a plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss.'" *Id.* (quoting *Prescott v. United States*, 973 F.2d 696, 702 n.4 (9th Cir. 1991)). Here, the conduct Plaintiff identifies in her Complaint is facially susceptible to policy analysis and Plaintiff fails to allege facts sufficient to show her claim falls outside the discretionary function exception. Therefore, the Court should dismiss Plaintiff's claim for failure to state a claim pursuant to Rule 12(b)(1) and (b)(6).

The conduct Plaintiff identifies in her Complaint is facially susceptible to policy analysis. Plaintiff "attribute[s] all [her] injuries to the inhalation of contaminants resuspended from activities carried out in Parcel E and E-2," which she alleges is an "industrial landfill" on HPNS. Compl. at 2–3, ¶¶ 5–6. Accordingly, the conduct about which Plaintiff complains appears to be the handling of toxic waste at the industrial landfill or a failure to select a proper CERCLA remedy in relation to the industrial landfill. It is well established that both categories of conduct are susceptible to policy analysis and involve an element of judgment or choice.

To the extent the Complaint alleges the Navy failed to properly handle toxic waste, the Ninth Circuit and federal district courts in California have repeatedly held that toxic waste disposal decisions are grounded in policy. *Nanouk v. United States*, 974 F.3d 941, 946–47 (9th Cir. 2020) (supervision of "contractors' waste disposal practices 'involved the kind of policy judgment that the discretionary function exception was designed to shield'"); *Savary v. United States*, 205 F.3d 1352, *3–4 (9th Cir. 1999) ("design for waste disposal systems" grounded in policy); *Anderson v. United States*, 2022 WL 12427679, *3 (C.D. Cal. Aug. 18, 2022) ("disposal of the radioactive material in

this case, like Cesium-137, Thorium-232, and Uranium-238, as well as trichloroethylene ('TCE'), which is used to de-grease and clean aircraft, is grounded in policy"); *Rio Linda Elverta Cmty. Water Dist. v. United States*, 622 F. Supp. 3d 898, 915 (E.D. Cal. 2022) ("waste management during the 1950s and '60s" are susceptible to policy analysis); *City of Lincoln v. United States*, 283 F. Supp.3d 891, 903–04 (E.D. Cal. 2017) ("actions involving disposal of hazardous waste were of the type Congress meant to protect").

Likewise, if the conduct at issue is that the United States did not select a proper environmental remedy under CERCLA, federal district courts in California have also concluded that such a decision is grounded in policy. *Caltech v. City of Pasadena*, 2025 U.S. Dist. LEXIS 16203, *22 (C.D. Cal. Aug. 20, 2025) ("acts implementing CERCLA 'are discretionary governmental functions'"); *Welsh v. U.S. Army*, 2009 WL 250275, *1 (N.D. Cal. Feb. 3, 2009) (CERCLA remedial decisions "implicate policy choices and decisions of the type that Congress intended to protect"), *aff'd*, 389 F. App'x 660 (9th Cir. 2010); *Shea Homes v. United States*, 397 F. Supp.2d 1194, 1200 (N.D. Cal. 2005) (CERCLA response action involved policy judgment). EPA's regulations also provide that federal implementation of CERCLA "are discretionary governmental functions." 40 C.F.R. § 300.400(i)(3).

Because the United States has established that the conduct about which Plaintiff complains is susceptible to policy analysis, the burden shifts to Plaintiff to show that her claim is facially outside the discretionary function exception. Plaintiff must do so by citing some mandatory and specific directive that the United States failed to follow. *White*, 111 F. Supp. 3d at 1051. Plaintiff's Complaint fails to allege there is any such specific and mandatory directive. Just as the references to the "Nuclear Weapon Accident Response Procedure," the CERCLA statute, 42 U.S.C. 9607(a), and DoD Directive 3150.08 in the Complaint fail to establish a state law duty, they also do not constitute mandatory and specific directives.

The Complaint alleges the DoD has "violated their own promise as pledged in DoD policies and directives," but the Complaint does not identify any DoD "promises." *See* Compl. at 3, ¶ 8. The Complaint cites DoD Directive 3150.08, but the language quoted from this directive does not dictate any mandatory or specific course of action for the United States. *See* Compl. at 4, ¶ 2. For example,

Plaintiff cites language that says the DoD is responsible for "mitigate[ing] the consequences of the incident" and "minimize[ing] the radiological hazard to the public." *Id.* Courts have found terms like "mitigate" and "minimize," without other clear directives, to be discretionary. *See, e.g.*, *Lam*, 979 F.3d at 681 (a guideline to "minimize negative impacts on desirable vegetation" is discretionary); *Terbush v. United States*, 516 F.3d 1125, 1132 (9th Cir. 2008) (where a policy calls for "appropriate mitigating measures," but "no further requirements are provided for mitigation measures" the agency is "is left to balance its various policy mandates."). Likewise, the Complaint references the CERCLA statute, 42 U.S.C. 9607(a), but Plaintiff does not identify any mandatory language requiring specific course of action by the United States.

The Complaint does not allege facts sufficient to show that Plaintiff's claim is facially outside the discretionary function exception because Plaintiff fails to cite any mandatory and specific directives. Accordingly, the Complaint does not meet the *Twombly/Iqbal* pleading standards because it fails to establish the Court's jurisdiction.

## IV.     CONCLUSION

In conclusion, the Court should dismiss the Complaint because (1) statute of limitations bars the Complaint, and (2) the Complaint fails to state a claim upon which relief may be granted because the Complaint lacks allegations sufficient to establish the Court's jurisdiction by failing to allege a state law duty or any mandatory and specific directives. Dismissal with prejudice is appropriate because amendment would be futile.

| | |
|---|---|
| DATED: August 25, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General<br>JONATHAN GUYNN<br>Deputy Assistant Attorney General |
| | J. PATRICK GLYNN<br>Director, Torts Branch<br>ALBERT K. LAI<br>Assistant Director |
| | */s/ Lauren Gerber*<br>LAUREN GERBER<br>Trial Attorney<br>Civil Division, Torts Branch<br>P.O. Box 340<br>Washington, D.C. 20044 |
| | *Attorneys for the United States of America* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the United States Department of Justice and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the foregoing Motion to Dismiss to be served on Plaintiff Kelly Kirsten Tankersley via mail to the below address:

Kelly Kirsten Tankersley

1033 Revere Avenue

Ste B

San Francisco, CA 94124

Executed August 25, 2025, at Washington, DC

*/s/ Lauren Gerber*
LAUREN GERBER