BRETT A. SHUMATE
Assistant Attorney General
JONATHAN D. GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044
(202) 598-7354

*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 12, 2025<br>Time: 10:00 A.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

# JOINT CASE MANAGEMENT STATEMENT

Counsel for the United States and Pro Se Plaintiff Ms. Tankersley have met and conferred as required by Federal Rule of Civil Procedure 26(f). Pursuant to Rule 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, the United States and Plaintiff jointly submit the following Joint Case Management Statement for the above-captioned cases

1. Jurisdiction and Service:
    a. Plaintiff: Plaintiff intends to establish in reply
    b. United States: As described in the United States' Motion to Dismiss, the United States contends that the Court lacks subject matter jurisdiction.
2. Facts:
    a. Plaintiff: Agrees with Defendants' statement in this matter.
    b. United States: If the Court does not grant the United States' Motion to Dismiss, the United States will file an Answer to the Complaint pursuant to the appliable rules.
3. Legal Issues:
    a. Plaintiff: Agrees with Defendant that this is premature at this time.
    b. United States: As described in the United States' Motion to Dismiss, the United States contends that (1) the statute of limitations bars the Complaint, and (2) the Complaint fails to state a claim upon which relief may be granted because the Complaint lacks allegations sufficient to establish the Court's jurisdiction.
4. Motions:
    a. Plaintiff: Plans to file a Motion for Extension of Time as Defendant describes.
    b. United States: The United States filed a Motion to Dismiss on August 25, 2025. Plaintiff's opposition is currently due on September 8, 2025, and the United States' reply is currently due September 15, 2025. The parties agreed to extend Plaintiff's deadline to file an opposition until September 22, 2025, and for the United States to file a reply on September 29, 2025. The parties will file a joint

stipulation requesting approval of the proposed extension of time. The Court scheduled a hearing on the United States' Motion to Dismiss for October 24, 2025.

5. Amendment of Pleadings:

    a. <u>Plaintiff</u>: Respectfully disagree with initial argument that all others rely on.

    b. <u>United States</u>: As described in the United States' Motion to Dismiss, the United States contends that even though Plaintiff is proceeding pro se, dismissal with prejudice is appropriate because amendment would be futile.

6. Evidence Preservation:

    a. <u>Plaintiff</u>: Plaintiff has reviewed with Defendant these guidelines.

    b. <u>United States</u>: Counsel for the United States certifies that counsel has reviewed the ESI guidelines and the parties met and conferred on September 4, 2025, pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve relevant evidence relevant to the issues reasonably evident in this action.

7. Disclosures:

    a. <u>Plaintiff</u>: Plaintiff does not plan to file Disclosures at this time.

    b. <u>United States</u>: The United States intends to file Initial Disclosures on September 5, 2025, along with this Joint Case Management Statement.

8. Discovery:

    a. <u>Plaintiff</u>: No discovery identified at this time.

    b. <u>United States</u>: No discovery has been taken to date, and the parties have not identified any discovery disputes to date. The United States proposes deferring the Rule 16 conference until the Court has ruled on the United States' Motion to Dismiss. The United States is immune from litigation, not just liability. *See United States v. Orleans*, 425 U.S. 807, 814 (1976) (stating that, as the sovereign, the United States "can be sued only to the extent that it has waived its immunity" from suit). Accordingly, deferring the Rule 16 conference until after the Court

1  has ruled on the United States' Motion to Dismiss is appropriate.

2  9. Class Actions: Not applicable.

3  10. Related Cases:

4      a. <u>Plaintiff</u>: Plaintiff does not identify any related cases.

5      b. <u>United States</u>: Counsel for the United States represents the United States in other litigation involving the Hunters Point Naval Shipyard brought by property developers, pending before Judge Donato of the Northern District of California. Counsel does not deem this case as related to the cases pending before Judge Donato because the factual and legal claims are distinct.

10 11. Relief:

11     a. <u>Plaintiff</u>: Plaintiff agrees with Defendants' statement regarding this issue.

12     b. <u>United States</u>: The United States has not filed a counterclaim. The United States is not in a position to describe the bases on which damages should be calculated if liability is established at this time.

15 12. Settlement and ADR:

16     a. <u>Plaintiff</u>: Plaintiff reviewed with Defendant and agrees accordingly at this time.

17     b. <u>United States</u>: Counsel for the United States certifies that the parties met and conferred on September 4, 2025, in compliance with ADR L.R. 3-5. However, resolution of the United States' Motion to Dismiss is necessary before the United States can further discuss resolution through ADR.

21 13. Other references:

22     a. <u>Plaintiff</u>: Plaintiff agrrees with the Defendants' position in this matter.

23     b. <u>United States</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

25 14. Narrowing of Issues:

26     a. <u>Plaintiff</u>: Pending the submission of Reply and following Motions.

27     b. <u>United States</u>: As described in the United States' Motion to Dismiss, the United States contends that (1) the statute of limitations bars the Complaint, and (2) the

|   |   |
|---|---|
| 1 | Complaint fails to state a claim upon which relief may be granted because the |
| 2 | Complaint lacks allegations sufficient to establish the Court's jurisdiction. |
| 3 | Resolution of these two legal questions are the most consequential to the case. If |
| 4 | the Court does not grant the United States' Motion to Dismiss, the United States |
| 5 | requests limiting discovery only to statute of limitations and subject matter |
| 6 | jurisdiction issues. |

15. Expedited Trial Procedure:

    a. <u>Plaintiff</u>: Does not agree or disagree on this issue.

    b. <u>United States</u>: The United States does not agree to handle this case under the Expedited Trial Procedure of General Order No. 64.

16. Scheduling:

    a. <u>Plaintiff</u>: Agrees and understands this is pending until Motion is granted.

    b. <u>United States</u>: The United States proposes deferring the Court's Rule 16 conference pending the Court's ruling on the United States' Motion to Dismiss. If the Court does not grant the United States' Motion to Dismiss, the United States and plaintiff will confer and submit a proposed schedule for the Court's consideration.

17. Trial:

    a. <u>Plaintiff</u>: Plaintiff understands that there is to be no trial.

    b. <u>United States</u>: Pursuant to the Federal Torts Claims Act, this case will not be tried to a jury.

18. Disclosure of Non-Party Interested Entities or Persons:

    a. <u>Plaintiff</u>: Plaintiff has not filed a Disclosure of Non-Party Interested Entities or persons.

    b. <u>United States</u>: The United States has not filed a Disclosure of Non-Party Interested Entities or Persons.

19. Professional Conduct:

    a. <u>Plaintiff</u>: Plaintiff has reviewed the Guidelines for Professional Conduct in this Court.

    b. <u>United States</u>: Counsel for the United States has reviewed the Guidelines for

Professional Conduct for the Northern District of California.

20. Additional Matters:

    a. <u>Plaintiff</u>: Plaintiff has no additional matters at this time.

    b. <u>United States</u>: The United States has no additional matters to raise at this time.

DATED: September 5, 2025            Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General
                                            JONATHAN D. GUYNN
                                            Deputy Assistant Attorney General

                                            J. PATRICK GLYNN
                                            Director, Torts Branch
                                            ALBERT K. LAI
                                            Assistant Director

                                            */s/ Lauren Gerber*
                                            LAUREN GERBER
                                            Trial Attorney
                                            Civil Division, Torts Branch
                                            P.O. Box 340
                                            Washington, D.C. 20044

                                            *Attorneys for the United States of America*

                                            */s/ Kelly Tankersley*
                                            KELLY TANKERSLEY

                                            *Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the United States Department of Justice and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the foregoing Initial Disclosures to be served on Plaintiff via email, which Plaintiff has consented to in writing.

I declare under penalty of perjury that the foregoing is true and correct.

September 5, 2025

*Lauren Gerber*
Lauren Gerber