# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>OPPOSITION TO MOTION<br>TO DISMISS WITH PREJUDICE<br>//REQUEST LEAVE TO AMEND<br><br>Date: October    , 2025<br>Time:   10:00 am<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

DATED:_____

_____
Honorable Alex G. Tse
Judge, United States District Court

OPPOSITION TO MOTION TO DISMISS WITH PREJUDICE
REQUEST FOR LEAVE TO AMEND

Plaintiff respectfully request that the court deny the Defendants motion to dismiss with prejudice and grant leave to amend. Plaintiff is aware of multiple deficencies in the initial complaint. As a pro se litigant, there was multiple misinterpretations of legal and procedural standards. This is not a case of a frivolous claim. The standard for futility is high. Dismissal with prejudice on grounds of futility is a harsh penalty that permanently bars you from seeking relief. A court can't do this unless no set of facts can be proven under any possible amendment to the pleadings that would state a claim.

## FACTUAL BACKGROUND

Plaintiff states that she has lived on property adjacent to the former Hunters Point Naval Shipyard ("HPNS") since 1997. Compl. at 2 para.4-5 While living there, Plaintiff has been exposed to radioactive isotopes Plutonium 238 and Plutonium 244, that she attributes to the "inhalation of contaminants resuspended from activities carried out in Parcel E-2, Parcel E and the surrounding shoreline. Id. at 3 para 6. Plaintiff says that "the extent of her exposure is at the level where it has impacted her daily life and is best described as extreme and the progression is rapid" Id. at 3 para 7.

## ARGUMENT

1. Defendant moves to dismiss Plaintiffs Complaint and claims it is time-barred and looks outside of the complaint to an exhibit to support this theory.

    a. This is an unreasonable assumption and incorrect. The proper method should include all the steps it took to discover the cause because the injury was much earlier.

2. Defendant moves to dismiss with prejudice for failure to state a claim upon which relief may be grantedDefendant alleges that Plaintiff' claim lacks allegations sufficient to establish the Court's jurisdiction by failing to allege a a state law duty or any mandatory and/or specific directives.

## LEGAL STANDARD

Defendant United States moves to dismiss Plaintiffs Complaint stating that it is time-barred. Id P. 2 para. 19. Defendant states "when determining whether a complaint is barred by the statute of limitations and the revelant dates are not evident in the complaint, the court may consult evidence outside of the complaint, converting a motion to dismiss into a motion for summary judgment." Ritchie v. United States, 210 F. Supp,2d 1120, 1123 (N.D. Cal.2002) "after denying United States motion to dismiss and motion for summary judgment, the District Court held a four-day bench trial." This is one of the two reasons in support of the Defendants motion to dismiss and I am confused about how it supports Defendants statements. Plaintiff argues that when determining whether a complaint is barred by the statute of limitations in a complex toxic tort case such as this the Federal discovery rule will apply. CTS Corp. v. Waldburger, 573 U. S. 1 (2014). 42 U.S.C 9658 adopts what is known as the discovery rule. "Under this framework, the statute of limitations in covered actions begin to run when a plaintiff discovers, or should have reasonably discovered, that the harm in question was caused by the contaminant". United States v. Wong 575 U.S. 402 (2015). FTCA 28 U.S.C. 2401(b). The Federal tort Claims Act provides that a tort claim against the United States "shall forever be barred" unless it is presented to the "appropiate Fed-eral agency within two years after such claim accrues" and then brought to Federal Court "within six months" after the agency acts on the case. A litigant failure to comply with either of these time bars, deprives a Court of all authority to hear a case. The Defendant United States, continues to roll down this road of "acrual", "discovery" and the definition of due diligence. Why would a reasonable person, aware of a potential claim, wait to bring a claim? I would like to see the legal interpretation. I find it very insightful. It is of no purpose to defend a complaint that I agree with as being flawed. The idea that it is time-barred is easily to prove otherwise. There is no basis for claiming that the opposing party was deprived of due notice to prepare or investigate the allegations made in my claim.

## OPPOSITION TO MOTION TO DISMISS

## LEGAL STANDARD

Defendant United States moves to dismiss Plaintiffs Complaint stating that it is time-barred. Id P. 2 para. 19. Defendant states "when determining whether a complaint is barred by the statute of limitations and the revelant dates are not evident in the complaint, the court may consult evidence outside of the complaint, converting a motion to dismiss into a motion for summary judgment." Ritchie v. United States, 210 F. Supp,2d 1120, 1123 (N.D. Cal.2002) "after denying United States motion to dismiss and motion for summary judgment, the District Court held a four-day bench trial." This is one of the two reasons in support of the Defendants motion to dismiss and I am confused about how it supports Defendants statements. Plaintiff argues that when determining whether a complaint is barred by the statute of limitations in a complex toxic tort case such as this the Federal discovery rule will apply. CTS Corp. v. Waldburger, 573 U. S. 1 (2014). 42 U.S.C 9658 adopts what is known as the discovery rule. "Under this framework, the statute of limitations in covered actions begin to run when a plaintiff discovers, or should have reasonably discovered, that the harm in question was caused by the contaminant". United States v. Wong 575 U.S. 402 (2015). FTCA 28 U.S.C. 2401(b). The Federal tort Claims Act provides that a tort claim against the United States "shall forever be barred" unless it is presented to the "appropiate Fed-eral agency within two years after such claim accrues" and then brought to Federal Court "within six months" after the agency acts on the case. A litigant failure to comply with either of these time bars, deprives a Court of all authority to hear a case. The Defendant United States, continues to roll down this road of "acrual", "discovery" and the definition of due diligence. Why would a reasonable person, aware of a potential claim, wait to bring a claim? I would like to see the legal interpretation. I find it very insightful. My administrative claim includes a great deal of the information describing the process. There has been more discovery since the administrative claim and I would be happy to provide that at any time.

Defendant points out Plaintiffs' reference to DoD and CERCLA language to question United States as the proper Defendant. The use of these agency-specific directives and Acts of Congress provided the best example of the language that defines the Defendants mandatory policies involved. The Department of Homeland Security does an excellent job of explaining how a response is to be delegated at the lowest possible level. The Defendant attempts to imply that Plaintiff is unsure of the true identity of Defendant by pointing out Plaintiff's use of these directives such as DoD 3150 and CERCLA. "nuclear/Radiological Incident Annex to the National Response Framework (NRF), "describes the policies, situations, concepts of operations, and responsibilities of the Defendant through multiple agencies and departments under the Defendants control that govern the immediate response and short term recovery acivities for incidents that involve the release of radioactive materials to address the consequences of the event. Defendant refers to Terbush v. United States 516 F.3d 1125, 1132 (9th 2008) to suggest that "mitigate" and "minimize" could be viewed as discretionary functions. That is the Defendants tactic to suggest an affirmative defense even if it doesn't apply to any function involving Plutonium. I am reluctant to defend what is an admittedly deficient complaint which was extremely easy work for the defendant but this was the first time Plaintiff as a pro se litigant has received an assessment of my complaints flaws.

## CONCLUSION

In conclusion, Plaintiff respectfully asks the Court to overlook Plaintiffs serious inept grasp of the legal system and recognize that the Plaintiff is putting forth tremedous effort to educate herself to seek relief that this situation rightfullly deserves. Defendant mentioned the right to have time to defend against a claim and I have been diligent since discovery to bring it to their attention and repeatedly ignored. This the the first and only request plaintiff has made to amend. Defendants motion to dismiss with prejudice is not appropiate in this case.

1 | Kelly Kirsten Tankersley
2 | 1033 Revere avenue B
3 | San Francisco, CA  94124
4 | 415-583-6821
5 | tk0260@gmail.com

## DECLARATION

I, Kelly Kirsten Tankersley do swear, under the penalty of pergury, that all the in my submission titled OPPOSITION TO MOTION TO DISMISS is true and correct

9/22/2025

*Kelly Tankersley* (signature)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Date: October 17, 2025<br>Time: 10:00 A.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

[PROPOSED] ORDER

Having reviewed the arguments and submissions by the Parties, the Court hereby grants United States motion to dismiss   The Complaint is   dismissed without prejudice

IT IS SO ORDERED.

DATED:_____

                                                          Honorable Alex G. Tse
                                                          Judge, United States District Court

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Date: October 17, 2025<br>Time: 10:00 A.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

[PROPOSED] ORDER

Having reviewed the arguments and submissions by the Parties, the Court hereby grants United States motion to dismiss   The Complaint is   dismissed without prejudice

IT IS SO ORDERED.

DATED:_____

_____
Honorable Alex G. Tse
Judge, United States District Court