BRETT A. SHUMATE
Assistant Attorney General
JONATHAN GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
ANNA ELLISON
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044
(202) 880-0389

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**THE UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: March 13, 2026<br>Time: 10:00 A.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

NOTICE OF MOTION ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.    PROCEDURAL HISTORY ..............................................................................1

II.   FACTS ..............................................................................................................3

III.  LEGAL STANDARD ......................................................................................4

IV.   ARGUMENT ....................................................................................................6

    A.    The Court Should Take Judicial Notice of Exhibit B to the Original
        Complaint. ................................................................................................6

    B.    The Statute of Limitations Bars Plaintiff's Claim. ..................................6

    C.    Plaintiff Fails to Establish Subject-Matter Jurisdiction Under the FTCA. ............9

        1.    Plaintiff Identifies No Mandatory and Specific Directive. .........................11

        2.    The United States' Response Decisions Are the Type of Decisions............11

        Grounded in Policy Considerations.................................................................11

    D.    Amendment Would be Futile and Plaintiff's Claims Should Be Dismissed
        With Prejudice. .....................................................................................13

V.    CONCLUSION ................................................................................................15

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2

# TABLE OF AUTHORITIES

Page(s)

3

**CASES**

*Anderson v. United States*,
  2022 WL 12427679 (C.D. Cal. Aug. 18, 2022) .......................................................................... 12

*Aragon v. United States*,
  146 F.3d 819 (10th Cir. 1998) ..................................................................................................... 12

*Ard v. F.D.I.C.*,
  770 F. Supp. 2d 1029 (C.D. Cal. 2011) ...................................................................................... 14

*Armstrong v. Reynolds*,
  22 F.4th 1058 (9th Cir. 2013) ...................................................................................................... 13

*Ashley v. United States*,
  413 F.2d 490 (9th Cir. 1969) ......................................................................................................... 7

*Berkovitz v. United States*,
  486 U.S. 531 (1988) ..................................................................................................................... 10

*Bibeau v. Pac. Nw. Rsch. Found.*, Inc.,
  339 F.3d 942 (9th Cir. 2003) ....................................................................................................... 10

Bryant v. United States,
  No. EDCV 24-988-KK-DTBX, 2024 WL 4002613 (C.D. Cal. July 12, 2024).................. 11, 13

*Case v. Broomfield*,
  No. 23-CV-05757-PCP, 2025 WL 965775 (N.D. Cal. Mar. 31, 2025) ................................. 9, 13

*City of Lincoln v. United States*,
  283 F. Supp.3d 891 (E.D. Cal. 2017) .......................................................................................... 12

*Courthouse News Serv. v. Planet*,
  750 F.3d 776 (9th Cir. 2014) ......................................................................................................... 5

*Ctr. for Biological Diversity v. United States Forest Serv.*,
  80 F.4th 943 (9th Cir. 2023) ........................................................................................................ 13

*Davis v. United States*,
  642 F.2d 328 (9th Cir. 1981) ......................................................................................................... 7

*Doe v. Cnty. of Josephine*,
  2015 WL 2412181 (D. Or. May 18, 2015) .................................................................................... 7

*FDIC v. Craft*,
  157 F.3d 697 (9th Cir. 1998) ....................................................................................................... 10

*Gumusyazici v. United States*,
  No. 2:23-CV-00324-DKG, 2025 WL 1784820 (D. Idaho June 27, 2025) ................................. 11

*Herrera-Diaz By & Through Herrera-Diaz v. U.S. Dep't of Navy*,
  845 F.2d 1534 (9th Cir. 1988).................................................................... 9

28

iii

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Hyatt v. Yee*,
    871 F.3d 1067 (9th Cir. 2017) ............................................................... 5

*In re Swine Flu Prods. Liab. Litig.*,
    764 F.2d 637 (9th Cir. 1985) ................................................................. 7

*Johnson v. DTBA, LLC*,
    424 F. Supp. 3d 657 (N.D. Cal. 2019) ................................................. 13

*Joseph v.*,
    *Am. Gen. Life. Ins. Co.*, 495 F. Supp. 3d 953 (S.D. Cal. 2020) ............ 5

*Kwai Fun Wong v. Beebe*,
    732 F.3d 1030 (9th Cir. 2013) ............................................................... 7

*Lam v. United States*,
    949 F.3d 665 (9th Cir. 2020) ......................................................... 10, 12

*Lee v. L.A.*,
    250 F.3d 668 (9th Cir. 2001) ................................................................. 5

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) ............................................................... 5

*Loughlin v. United States*,
    393 F.3d 155 (D.C. Cir. 2004) ............................................................. 12

*Miller v. United States*,
    992 F.3d 878 (9th Cir. 2021) ............................................................... 11

*Myers v. United States*,
    652 F.3d 1021 (9th Cir. 2011) ............................................................. 10

*Nanouk v. United States*,
    974 F.3d 941 (9th Cir. 2020) ..................................................... 10, 11, 14

*OSI, Inc. v. United States*,
    285 F.3d 947 (11th Cir. 2002) ............................................................. 12

*Ouma v. Liberty Mut. Inc.*,
    No. 3:19-CV-01084-HZ, 2020 WL 6685698 (D. Or. Nov. 10, 2020) ........ 13

*Prescott v. United States*,
    973 F.2d 696 (9th Cir. 1991) ............................................................... 11

*Raddatz v. United States*,
    750 F.2d 791 (9th Cir. 1984) ................................................................. 7

*Rio Linda Elverta Cmty. Water Dist. v. United States*,
    622 F. Supp. 3d 898 (E.D. Cal. 2022) ................................................. 12

*Rivera v. United States*,
    No. 2:24-CV-01241-MEMF-AJR, 2025 WL 2977132 (C.D. Cal. Aug. 20, 2025) ............. 13, 14

*Ross v. United States*,
    129 Fed. App'x. 449 (4th Cir. 2005) ................................................... 12

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Safe Air for Everyone v. Meyer,*
  373 F.3d 1035 (9th Cir. 2004) ................................................................... 5

*Savary v. United States,*
  205 F.3d 1352 (9th Cir. 1999) ................................................................. 11

*Schacher v. Feinstein,*
  No. 216CV08726SVWAGR, 2017 WL 7833631 (C.D. Cal. Jan. 11, 2017) ............................. 14

*Shea Homes v. United States,*
  397 F. Supp.2d 1194 (N.D. Cal. 2005) ..................................................... 13

*Taylor v. Kobayashi,*
  2023 WL 2400879 (9th Cir. March 8, 2023) .......................................... 7, 8

*Terbush v. United States,*
  516 F.3d 1125 (9th Cir. 2008) ................................................................. 10

*United States v. Kubrick,*
  444 U.S. 111 (1979) ................................................................................. 8

*United States v. Mitchell,*
  463 U.S. 206 (1983) ................................................................................. 9

*United States v. Varig Airlines,*
  467 U.S. 797 (1984) ............................................................................... 10

*United States v. Wong,*
  575 U.S. 402, (2015) ............................................................................... 6

*Wallace v. Kato,*
  549 U.S. 384 (2007) ................................................................................. 7

*Welsh v. United States Army,*
  No. C 08-3599, 2009 WL 250275 (N.D. Cal. 2009) ................................ 13

*White v. Lee,*
  227 F.3d 1214 (9th Cir.2000) ................................................................... 5

*White v. Soc. Sec. Admin.,*
  111 F. Supp. 3d 1041 (N.D. Cal. 2015) ............................................. 10, 11

## STATUTES

28 U.S.C. § 2401(b) ..................................................................................... 2, 7

28 U.S.C. § 2680(a) ....................................................................................... 10

42 U.S.C. 9607 ................................................................................................. 3

California Health & Safety Code §§ 114650 ................................................ 2

U.S.C. § 1346(b)(1) ......................................................................................... 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 4

Fed. R. Evid. 201(b)(2), (c) ....................................................................................... 5

L.R. 7- ......................................................................................................................... 1

Rule. 12(b)(1) ......................................................................................................... 5, 6

**REGULATIONS**

40 C.F.R. § 300.400(i)(3) ......................................................................................... 12

65 Fed. Reg. 69744 (Nov. 20, 2000) ...................................................................... 13

## NOTICE OF MOTION

Please take notice that the United States moves to dismiss the First Amended Complaint filed by Plaintiff Kelly Kirsten Tankersley against the United States. Pursuant to L.R. 7-2(a), this matter shall be heard by the Honorable Magistrate Judge Alex G. Tse for the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom A, 15th Floor, San Francisco, California, on March 13, 2026 at 10:00 a.m., or as may suit the Court's convenience.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Amended Complaint does not cure the defects that warranted dismissal of the original pleading as detailed in the United States first Motion to Dismiss, ECF No. 12. By her own account, Plaintiff believed she was exposed to contaminants from Hunters Point Naval Shipyard (HPNS), was experiencing physical symptoms, and seeking treatment by no later than September 2021. Under the two-year statute of limitations, Plaintiff's claims brought under the Federal Torts Claims Act (FTCA) are barred. Nor can Plaintiff establish that this Court has jurisdiction over the matter, as her claims, even interpreted liberally, fall under the FTCA's discretionary function exception. The United States therefore requests this Court dismiss with prejudice Plaintiff's claims as any further amendments would be futile.

## I.    PROCEDURAL HISTORY

On June 1, 2024, Plaintiff submitted an administrative claim to the Navy regarding alleged personal injuries as a result of exposure to contaminants from HPNS. *See* ECF No. 26-1 at 4. Plaintiff is seeking compensation for physical injuries she claims that she has sustained, as well as treatment for said injuries and possibly lost wages. *See* ECF No. 26. at 4, 11. On June 25, 2024, the Navy notified Plaintiff that the claim did not contain the information necessary to properly present a claim under the FTCA because it did not contain a statement of the total sum claimed, or "sum certain." ECF No. 26-1 at 3, 6. Plaintiff submitted an amended claim on August 27, 2024, seeking $5 million. *Id*. at 2, 6. On January 10, 2025, the Navy denied Plaintiff's administrative claim. *Id*. at 2.

On June 13, 2025, Ms. Plaintiff filed a Complaint against the United States under the FTCA

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

alleging negligence. ECF No. 1 at 1. On August 25, 2025, the United States moved to dismiss the complaint on the basis that: (1) the action was barred under the applicable statute of limitations in 28 U.S.C. § 2401(b); (2) the Court lacked subject-matter jurisdiction under the FTCA; and (3) Plaintiff failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because she failed to allege a violation of a duty under California law. *See* ECF No. 12. On September 22, 2025, Plaintiff filed a response to the United States' motion, seeking leave to amend the complaint to address the issues raised in the United States' motion. *See* ECF No. 19. The United States consented to Plaintiff's request, *see* ECF No. 20, and the Court entered a scheduling order requiring Plaintiff to file an amended complaint by November 28, 2025, *see* ECF No. 23.

Plaintiff then filed two First Amended Complaints, ECF No. 25 & 26, but they appear to be identical except the second filing contains additional exhibits (for this motion we refer to the amended complaint with exhibits, ECF No. 26, as, "Amended Complaint"). In the Amended Complaint, Plaintiff added a claim for negligence by omission, while maintaining her claim for negligence. Plaintiff, however, added to her negligence claim, citing a number of state and local regulations and California state law provisions, while omitting any federal statutes or requirements, including those that she previously cited in the original Complaint. Specifically, Plaintiff alleges in the Amended Complaint that the United States was negligent under: California Civil Code § 1714(a) (general negligence); California Health & Safety Code §§ 114650-835 (governs California Department of Health's regulation and oversight over the handling and disposal of hazardous material), §22507 (requires businesses to implement an emergency response plan for the release of hazardous chemicals), § 25249.6 (prohibits businesses from knowingly and intentionally exposing individuals to chemicals known to cause cancer or reproductive toxicity without first giving clear and reasonable warning); California Code of Regulations, Hazardous Waste Operations & Emergency Response, 8 C.C.R. §§ 5192, 5164 (governs businesses' operations, storage, and emergency response as it relates to hazardous substances); and San Francisco Article 31 Health Code (governs the reuse and development of parcels at Hunters Point). *See* ECF No. 26 at 8-11. The Amended Complaint no longer alleges violations of the following: Nuclear Weapon Accident Response Procedure (outlining the protocols for responding to accidents involving U.S. nuclear

weapons); 42 U.S.C. 9607, *i.e.*, the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) (in relevant part, authorizes federal oversight for the investigation and cleanup of sites contaminated with hazardous substances); and Department of Defense Directive 3150.08 (establishes DoD Response to U.S. Nuclear Weapon and Radiological Materials Incidents), as pled in the original complaint. *Compare* ECF No. 1 at 4, ¶¶1-2, *with* ECF No. 26 at 8-11.

Plaintiff also included with her Amended Complaint four additional exhibits, while removing the emails attached to her original Complaint and detailed below in Section II. Plaintiff's new Exhibit A, ECF No. 26-1, is a series of letters and emails between Plaintiff and the U.S. Navy Office of the Judge Advocate General Tort Claims Unit regarding her administrative claim. Plaintiff's Exhibit B, ECF No. 26-4, appears to be a 2009 Department of Defense policy for Department of Defense Stockpile of Pentetate Calcium Trisodium Injection and Pentetate Zinc Trisodium Injection. Plaintiff's Exhibit C, ECF Nos. 26-2 & 26-3, is Naval Facilities Engineering Systems Command (NAVFAC) Southwest Final 2024 Annual Operation and Maintenance Summary Report. Plaintiff's Exhibit D, ECF No. 26-5, appears to be a copy of Hunters Point Shipyard Regulations Under California Health Code Article 31.

## II.    FACTS

Plaintiff Kelly Kirsten Tankersley has lived on property adjacent to the former Hunters Point Naval Shipyard since 1997. ECF No. 26 at 4, ¶1. On June 13, 2025, Plaintiff filed a negligence action against the United States under the FTCA alleging that the Department of Defense contributed to contamination at HPNS and that she suffered personal injuries as a result of toxic exposure. ECF No. 1 at ¶¶4-6. Plaintiff further alleged that the Department of Defense was obligated to provide remediation and medical treatment for her alleged exposure. *Id.* at ¶8; p. 4.

Plaintiff's Amended Complaint provides additional information on her physical injuries that the United States assumes for purposes of this motion that she believes were caused by her alleged exposure. *But see* ECF No. 1 at 3, ¶7 ("the extent of [her] exposure is at the level where it has impacted [her] daily life and is best described as extreme and the progression is rapid."). While she alleges the "[s]ymptoms of [her] injury did not manifest until approximately 2023," ECF No. 26 at 3, ¶2, she also claims menstrual issues dating back to 2008; hand pain and skeletal issues dating

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

back to 2016; and a Graves disease diagnosis with an unspecified date. ECF No. 26 at 4, ¶¶3-7. "When the skeletal issues progressed and impacted [her] ability to use either hand, it was suggested that she apply for disability in 2019." *Id*. at 4, ¶6. Thereafter, Plaintiff claims she "spent all her time from 2019 on diligently looking for answers to help understand the extreme disability she had developed." *Id*. at 4, ¶7.

An attachment to Plaintiff's original Complaint sheds further light on the timeline of events. As detailed below, the United States respectfully requests that this Court take judicial notice of Exhibit B to the original Complaint, which contains emails between Plaintiff and physicians regarding treatment for her alleged exposure. *See* ECF No. 1 at 10, Ex. B ("Correspondence from Hunters Point Biomonitoring regarding treatment"). On September 28, 2021, Plaintiff emailed with Dr. Ahimsa Porter Sumchai, a doctor associated with Hunters Point Community Biomonitoring. *See* ECF No. 1, Ex. B, at 11 (Dr. Sumchai's email domain is @hunterspointcommunitybiomonitoring.net). In the email, Dr. Sumchai told Plaintiff that her "urinary screening [is] one of the most serious we have conducted. The combination of arsenic and thallium in concentrations exceeding reference range disturbs me." *Id*. As such, Dr. Sumchai wanted to "make a medical toxicology referral" for Plaintiff and suggested "James Dahlgren MD," an "environmental toxicologist" Dr. Sumchai was working with who may "be willing to meet with" Plaintiff. *Id*. The "Hunter Point Community Biomonitoring Program" is copied on the communication. ECF No. 1, Ex. B, at 11. Notably, Plaintiff removed these emails from the Amended Complaint. *Compare* ECF No. 1, Ex. B at 11-16, *with* ECF No. 26.

Pursuant to the Court's December 22, 2025 Case Management Order, ECF No. 29, the U.S. now moves to dismiss.

## III.    LEGAL STANDARD

The United States moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is barred by the statute of limitations. The burden of establishing that a federal district court has jurisdiction "rests upon the party asserting jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When evaluating a Rule 12(b)(6) motion to dismiss, the court "accept[s] factual allegations in the complaint as true and

1  construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul*

2  *Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

3      The United States additionally moves to dismiss Plaintiff's Amended Complaint pursuant to

4  Federal Rule of Civil Procedure 12(b)(1) because it is barred by the discretionary function exception

5  to the FTCA. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone*

6  *v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (quoting *White v. Lee*, 227 F.3d 1214, 1242 (9th

7  Cir.2000)). Here, the United States presents a facial attack, in which "the court may dismiss a

8  complaint when its allegations are "insufficient on their face to invoke federal jurisdiction," *id.*, and

9  a plaintiff's factual allegations are taken as true and construed in the light most favorable to the

10 nonmoving party, *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial attack, courts

11 also consider and treat as true all factual allegations in the exhibits attached to the complaint.

12 *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). In a facial motion to dismiss

13 under Fed. Rule. 12(b)(1) for lack of subject matter jurisdiction, a plaintiff's allegations of material

14 fact are taken as true and construed in the light most favorable to the non-moving party. *See*

15 *Brookfield Property Grp., LLC v. Liberty Mut. Fire Ins. Co.*, 679 F. Supp. 3d 971, 976 (C.D. Cal.

16 2023).

17      "When ruling on a motion to dismiss, the court may consider the facts alleged in the

18 complaint, documents attached to the complaint, documents relied upon but not attached to the

19 complaint when authenticity is not contested, and matters of which the court takes judicial notice."

20 *Joseph v. Am. Gen. Life. Ins. Co.*, 495 F. Supp. 3d 953, 958 (S.D. Cal. 2020) (citing *Lee v. L.A.*, 250

21 F.3d 668, 688–89 (9th Cir. 2001), *aff'd,* 857 Fed.Appx. 297 (9th Cir. 2021), cert. denied, 142 S. Ct.

22 2711 (2022)). A court may take judicial notice of matters of public record in reviewing a facial

23 attack on jurisdiction. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n. 15 (9th Cir. 2017). At the request of

24 a party, a Court may judicially notice a fact that is not subject to reasonable dispute, as it "can be

25 accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

26 *See* Fed. R. Evid. 201(b)(2), (c).

27

28

IV.     **ARGUMENT**

The Court should dismiss Plaintiff's Amended Complaint for two independent reasons. First, the FTCA's two-year statute of limitations bars Plaintiff's claims. The United States respectfully requests that the Court take judicial notice of Exhibit B to Plaintiff's original Complaint, ECF No. 1, at 10-33 (Ex. B), as Plaintiff's own allegations in her previous filing are not subject to reasonable dispute and should be taken as true. Should the Court grant the United States' request, Plaintiff's own allegations demonstrate that she was aware of a potential claim more than two years prior to filing her administrative claim. Second, the Court lacks subject-matter jurisdiction under the FTCA because discretionary function exception bars Plaintiff's claims. Because these defects are jurisdictional, further amendment would be futile and Plaintiff's claims should be dismissed with prejudice.

**A.     The Court Should Take Judicial Notice of Exhibit B to the Original Complaint.**

The Court should take judicial notice of Exhibit B to the original Complaint, which contains Plaintiff's communications with Dr. Sumchai of the Hunters Point Community Biomonitoring from September 2021. The United States cited Exhibit B in its prior Motion to Dismiss the Complaint as facial evidence that identifies the date by which Plaintiff knew of the injury and its alleged cause. See ECF No. 12 at 6. In her Amended Complaint, however, Plaintiff has attempted to plead around this fact, omitting the exhibit and thus removing the facial allegations and representations she previously made to this Court. Compare ECF No. 1, with ECF No. 26. Federal Rule of Evidence 201 permits this Court to take judicial notice of a fact that cannot reasonably be subject to dispute. As a plaintiff's own allegations of material fact are taken as true on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court should take notice of Exhibit B and the September 28, 2021 date set forth therein when Plaintiff was informed by a clinician that she consulted about the nature and cause of her claimed injury. Plaintiff should not be permitted to artfully plead around the evidence she previously submitted to this Court for the purpose of defeating the United States' motion to dismiss.

**B.     The Statute of Limitations Bars Plaintiff's Claim.**

"The [FTCA] provides that a tort claim against the United States 'shall be forever barred'

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *United States v. Wong*, 575 U.S. 402, 405, (2015) (quoting 28 U.S.C. § 2401(b)). Here, the statute of limitations bars Plaintiff's claim because Plaintiff filed an administrative claim with the United States more than two years after becoming aware of her alleged injuries and their cause..

Under federal law, "[t]he general rule in tort law is that the claim accrues at the time of the plaintiff's injury." *Davis v. United States*, 642 F.2d 328, 330 (9th Cir. 1981). A claim accrues as soon as the plaintiff suffers any injury, "even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–27 (1991)). Under the FTCA, accrual does not wait for a plaintiff to learn of the "precise extent of the damage resulting from the tort." *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969). Doing so "would impose intolerable burdens upon the Government and would, in effect, frustrate the expressed will of the Congress." *Id.*; *see also Raddatz v. United States*, 750 F.2d 791, 796 (9th Cir. 1984) ("*Ashley* holds that a claim does not wait to accrue until a party knows the precise extent of an injury."); *Doe v. Cnty. of Josephine*, 2015 WL 2412181, at *4 (D. Or. May 18, 2015) (collecting cases showing that "numerous courts have held that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue"). Rather, the FTCA applies the traditional tort rule that a claim accrues "when the wrongful act or omission results in damages . . . even though the full extent of the injury is not then known or predictable." *See Wallace*, 549 U.S. at 391 (internal citations omitted); *In re Swine Flu Prods. Liab. Litig.*, 764 F.2d 637, 639 (9th Cir. 1985) (noting that the FTCA applies "the traditional tort rule that a claim accrues at the time of injury").

Here, the Navy received Plaintiff's perfected administrative claim on August 27, 2024. *See* ECF No. 26 at 2; *see* ECF No. 26-1. Accordingly, Plaintiff's claims are barred if they accrued more than two years before she asserted her administrative claim, *i.e.*, before August 27, 2022. *See* 28 U.S.C. § 2401(b) (claim must be presented to appropriate agency within two years or "it shall be forever barred."); *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1033 (9th Cir. 2013), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015)

1   (section 2401(b) sets two-year deadline within which claim must be presented to appropriate federal

2   agency).[1] As discussed *supra*, Plaintiff has previously submitted facial evidence that she was aware

3   of her injury and its alleged cause as early as September 2021.  The email Dr. Sumchai sent Plaintiff

4   on September 28, 2021, demonstrates that Plaintiff was aware of the alleged harm and understood

5   it to be connected to alleged exposure at Hunters Point, more than two years before Plaintiff filed

6   her administrative claim. *See* ECF No. 1, Ex. B, at 11. Dr. Sumchai's email domain is

7   "@hunterspointcommunitybiomonitoring.net," and Dr. Sumchai copies the "Hunters Point

8   Community Biomonitoring Program" on her emails with Plaintiff. *Id.* Thus, Plaintiff was aware of

9   the alleged probable cause of her urinary screening results and claimed injuries—exposure to toxins

10  at HPNS—as of the September 28, 2021 email exchange. Plaintiff claims she had been "diligently

11  looking for answers" beginning in 2019, and her communications with Dr. Sumchai are indicative

12  of this effort.

13        The Supreme Court has considered a similar statute of limitations question and held that the

14  claim was time-barred. In *United States v. Kubrick*, the plaintiff was "aware of his injury and its

15  probable cause," but not that the probable cause constituted medical malpractice under the law.

16  *United States v. Kubrick*, 444 U.S. 111, 118 (1979). The Court reversed the Court of Appeals'

17  holding that the plaintiff's claim "had not yet accrued and did not accrue until he knew or could

18  reasonably be expected to know that in the eyes of the law the [] treatment constituted medical

19  malpractice." *Id.* The Court explained, "[a] plaintiff such as Kubrick, armed with the facts about the

20  harm done to him, can protect himself by seeking advice in the medical and legal community. To

21  excuse him from promptly doing so by postponing the accrual of his claim would undermine the

22  purpose of the limitations statute, which is to require the reasonably diligent presentation of tort

23  claims against the Government." *Id.* at 123. So too here. Plaintiff was aware of her injuries, had

24

25  _____

26  [1] For the purposes of the statute of limitations, August 27, 2024 is the date that the Navy received
    Plaintiff's administrative claim because identifying sum certain is a jurisdictional issue. *See Taylor*
    *v. Kobayashi*, 2023 WL 2400879, at *1 (9th Cir. March 8, 2023). But even if the Court construed

27  the administrative claim as filed on June 10, 2024, when Plaintiff's unperfected claim was initially
    submitted, the evidence attached to Plaintiff's Complaint demonstrates that Plaintiff knew of her

28  potential claim by September 28, 2021, still more than two years before June 10, 2024.

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

sought disability and answers, and received screening results that indicated its alleged connection to HPNS as early as September 28, 2021. Plaintiff had two years from that date, until September 28, 2023, to seek proper advice, investigate for responsible parties, and to file an administrative claim. Plaintiff failed to do so until June 10, 2024, and she failed to perfect her claim as required by the FTCA until August 27, 2024.

Plaintiff asserts that her claims did not accrue until she corresponded with the Judge Advocate "requesting assistance in locating the proper individual or agency to help with this time-sensitive exposure," on June 24, 2024. *See* ECF No. 26 at 2, ¶6; *see also* ECF No. 26-1 at 4. However, as evidenced in this exchange, the Judge Advocate did not provide any information to Plaintiff about the "nature or cause of the injury" as she claims. ECF No. 26 at 2, ¶5. Rather, the Judge Advocate merely verified that the Navy had received her administrative claim and that it was under review. *See* ECF No. 26-1 at 4. As discussed above, Plaintiff claims she began experiencing symptoms as early as 2008 and received test results from an email address related to Hunters Point biomonitoring in September 2021, which claim that she had been exposed to unprecedented levels of alleged toxins. *See* ECF No. 1 at 3, ¶7. Indeed, Plaintiff "knew, or in the exercise of reasonable diligence should have discovered" her injury and its cause based on her communications with Dr. Sumchai, more than two years prior to her filing her administrative claim. *See Herrera-Diaz By & Through Herrera-Diaz v. U.S. Dep't of Navy*, 845 F.2d 1534, 1537 (9th Cir. 1988).

Accordingly, the statute of limitations bars Plaintiff's Amended Complaint, it cannot be saved by further amendments, and the Court should dismiss Plaintiff's claims with prejudice. *Case v. Broomfield*, No. 23-CV-05757-PCP, 2025 WL 965775, at *2 (N.D. Cal. Mar. 31, 2025) (dismissal appropriate where amendment would be futile because plaintiff could not "add facts on amendment that will salvage his time-barred claim.") (collecting cases).

**C.     Plaintiff Fails to Establish Subject-Matter Jurisdiction Under the FTCA.**

Plaintiff's Amended Complaint does not allege facts sufficient to establish the Court's jurisdiction because it fails to demonstrate the discretionary function exception is facially inapplicable. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212

(1983). Plaintiff brings her claim under the FTCA, which waives sovereign immunity and provides federal jurisdiction for certain tort claims against the United States. 28 U.S.C. § 1346(b)(1). The FTCA, however, provides a limited waiver of the United States' sovereign immunity, "authorizing suit against the United States for tortious performance of government functions in limited cases." *Bibeau v. Pac. Nw. Rsch. Found.*, Inc., 339 F.3d 942, 945 (9th Cir. 2003) (citing 28 U.S.C. §§ 1346(b), 2671-2680). Waiver under the FTCA is limited by several exceptions, including the discretionary function exception, which "are to be strictly construed." *Id.* (citing *FDIC v. Craft* 157 F.3d 697, 707 (9th Cir. 1998)). The discretionary function exception deprives the Court of subject-matter jurisdiction for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). A two-prong test determines whether the discretionary-function exception applies. *Lam v. United States*, 949 F.3d 665, 673 (9th Cir. 2020).

First, a court must "determine whether the challenged conduct involves an element of judgment or choice." *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1051 (N.D. Cal. 2015). "Conduct is non-discretionary only when a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." *Myers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011). "[T]o be classified as nondiscretionary, the employee's conduct must be governed by a statute, regulation, or policy directing mandatory and specific action, which leaves the employee no rightful option but to adhere to the directive." *Nanouk v. United States*, 974 F.3d 941, 946 (9th Cir. 2020) (quotations omitted); *Terbush v. United States*, 516 F.3d 1125, 1135 (9th Cir. 2008) (the "identification of a mandatory duty is a threshold requirement.").

Second, "if the court determines that 'the challenged actions involve an element of choice or judgment,' the court then 'determine[s] whether that judgment is of the kind that the discretionary function exception was designed to shield.'" *Nanouk*, 974 F.3d at 945 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). "Congress sought to preclude courts from second guessing discretionary judgments 'grounded in social, economic, and political policy.'" *Id.* (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Therefore, the government prevails if it demonstrates that the decision challenged by Plaintiff is "susceptible to policy analysis." *Id.*

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

### 1.    Plaintiff Identifies No Mandatory and Specific Directive.

2      Plaintiff does not cite any federal statute, regulation, or policy that supplies a mandatory and

3    specific course of action in the Navy's conduct at Hunters Point. While in the Ninth Circuit, the

4    United States has the burden to prove that the discretionary function exception applies, "'a plaintiff

5    must advance a claim that is facially outside the discretionary function exception in order to survive

6    a motion to dismiss.'" *White*, 111 F. Supp. 3d at 1051 (quoting *Prescott v. United States*, 973 F.2d

7    696, 702 n.4 (9th Cir. 1991)). Plaintiff alleges that the Navy "publicly promis[ed] to retest the work"

8    of its contractors, thereby "establishing a specific, voluntary undertaking to ensure safety and rectify

9    known hazards." ECF No. 26 at 8. Plaintiff further alleges that "the defendant explicitly assumed a

10   duty to the people on or near the site to verify the area was safe." *Id.* Plaintiff, however, fails to

11   identify any mandatory and specific requiring the United States to take such actions. Plaintiff cites

12   various California state laws and regulations, *see* ECF No. 26 at 8-11, however, "the applicable

13   limits on discretion must be derived from federal law, not state law," *Miller v. United States*, 992

14   F.3d 878, 889 (9th Cir. 2021). Because Plaintiff cannot point to any mandatory federal language

15   that prescribes a specific course of conduct that the Navy failed to follow in remediating Hunters

16   Point, the first prong is satisfied. This is true even though Plaintiff is proceeding pro se and her

17   pleadings are therefore generously construed because "a litigant's pro se status does not excuse him

18   or her from complying with the procedural or substantive rules of the court." *Gumusyazici v. United*

19   *States*, No. 2:23-CV-00324-DKG, 2025 WL 1784820, at *3, 7 (D. Idaho June 27, 2025) (pro se

20   plaintiff's claim that defendant negligently designed and constructed road precluded by

21   discretionary function exception); *see also* Bryant v. United States, No. EDCV 24-988-KK-DTBX,

22   2024 WL 4002613, at *4 (C.D. Cal. July 12, 2024) (pro se plaintiff's claim barred by discretionary

23   function exception).

24

### 2.    The United States' Response Decisions Are the Type of Decisions Grounded in Policy Considerations.

25

26      The conduct Plaintiff identifies in her Complaint is facially susceptible to policy analysis.

27   The conduct at issue in Plaintiff's Amended Complaint is that Navy failed to ensure the area was

28   safe and to rectify known hazards. ECF No. 26 at 8.

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    The Ninth Circuit and federal district courts in California have repeatedly held that toxic

2   waste disposal decisions are subject to a policy analysis. *See Nanouk v. United States*, 974 F.3d 941,

3   946-47 (9th Cir. 2020) (supervision of "contractors' waste disposal practices 'involved the kind of

4   policy judgment that the discretionary function exception was designed to shield"); *Savary v. United*

5   *States*, 205 F.3d 1352, *3–4 (9th Cir. 1999) ("design for waste disposal systems" grounded in

6   policy); *Anderson v. United States*, 2022 WL 12427679, *3 (C.D. Cal. Aug. 18, 2022) ("disposal of

7   the radioactive material in this case, like Cesium-137, Thorium-232, and Uranium-238, as well as

8   trichloroethylene ('TCE'), which is used to de-grease and clean aircraft, is grounded in policy");

9   *Rio Linda Elverta Cmty. Water Dist. v. United States*, 622 F. Supp. 3d 898, 915 (E.D. Cal. 2022)

10  ("waste management during the 1950s and '60s" are susceptible to policy analysis); *City of Lincoln*

11  *v. United States*, 283 F. Supp.3d 891, 903–04 (E.D. Cal. 2017) ("actions involving disposal of

12  hazardous waste were of the type Congress meant to protect").[2]

13    The Navy's decision as to how to rectify known hazards falls under its decision-making

14  process under CERCLA. The Navy's cleanup of Hunters Point is pursuant to the EPA placing the

15  shipyard on the National Priorities List and designating it as a Superfund site. *See* ECF No. 26 at 5;

16  *see also id.*, Ex. C. The selection of remedial measures under CERCLA is grounded in policy. There

17  is a presumption that the Navy's selection of CERCLA remedies for Hunters Point are grounded in

18  policy because federal regulations explicitly give the Navy discretion. *See Lam*, 979 F.3d at 674,

19  681. EPA's regulations state that federal implementation of CERCLA, such as the Navy's decisions

20  here, "are discretionary governmental functions." 40 C.F.R. § 300.400(i)(3). The Navy's selection

21  of an environmental remedy was also susceptible to policy analysis because, in accordance with

22  regulations, the Navy had to consider public comments and regulatory input before selecting a

---

[2] Courts in other circuits have similarly concluded that toxic waste disposal decisions implicate policy. *See, e.g.*, *Ross v. United States*, 129 Fed. App'x. 449 (4th Cir. 2005) (Air Force decisions regarding disposal of TCE, which allegedly contaminated permeated groundwater were policy-based); *Loughlin v. United States,* 393 F.3d 155, 164-65 (D.C. Cir. 2004) (disposal of chemical weapons subject to policy); *OSI, Inc. v. United States*, 285 F.3d 947, 952 (11th Cir. 2002) (Air Force decisions regarding waste disposal from 1956 to early 1970s grounded in policy); *Aragon v. United States*, 146 F.3d 819, 823–26 (10th Cir. 1998) (Air Force's decisions regarding disposal of TCE-contaminated wastewater from 1942 to 1967 were grounded in policy).

remedy and issuing a record of decision (ROD) and then state in the ROD the "site-specific policy determinations" considered. *Id.* at § 300.430(f)(5)(i). In the Navy's ROD published in 2000, it is clear the Navy considered, among other things, public comments, executive orders, the impact on cultural resources, as well as the impact on public safety, the environment, and socioeconomic implications. *See* Record of Decision for the Disposal and Reuse of the Hunters Point Annex to Naval Station Treasure Island, Formerly Hunters Point Naval Shipyard, San Francisco, California, 65 Fed. Reg. 69744 (Nov. 20, 2000).[3] These sorts of policy decisions are precisely the type of decisions that the discretionary function exception protects. *Welsh v. United States Army*, No. C 08-3599, 2009 WL 250275, at *1 (N.D. Cal. 2009) (CERCLA remedial decisions "implicate policy choices and decisions of the type that Congress intended to protect"), *aff'd*, 389 F. App'x 660 (9th Cir. 2010); *Shea Homes v. United States*, 397 F. Supp.2d 1194, 1200 (N.D. Cal. 2005) (CERCLA response action involved policy judgment).

### D. Amendment Would be Futile and Plaintiff's Claims Should Be Dismissed With Prejudice.

In both instances, amendment would be futile because "it is clear . . . .. that the complaint could not be saved by any amendment.'" *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2013)). Courts in this circuit have found amendments to be futile where the claim is barred by the statute of limitations. *See Case v. Broomfield*, No. 23-CV-05757-PCP, 2025 WL 965775, at *2 (N.D. Cal. Mar. 31, 2025); *Ouma v. Liberty Mut. Inc.*, No. 3:19-CV-01084-HZ, 2020 WL 6685698, at *4 (D. Or. Nov. 10, 2020), *aff'd sub nom. Ouma v. Asher*, No. 20-36077, 2021 WL 3772031 (9th Cir. Aug. 25, 2021) (leave to amend not granted in pro se plaintiff's case where claim time-barred). Courts have also found amendment would be futile where a Plaintiff has failed to plead facts sufficient to demonstrate the discretionary function exception does not apply. *See Rivera v. United States*, No. 2:24-CV-01241-MEMF-AJR, 2025 WL 2977132, at *8 (C.D. Cal. Aug. 20, 2025)

---

[3] Available here: https://www.federalregister.gov/d/00-29650; *see also Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019) (court refused to consider affidavit on facial attack but did take judicial notice of information on government websites).

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   (holding further amendment would be futile where plaintiff in FTCA action "was already given the

2   opportunity to identify an applicable mandatory directive but failed to do so"). This is true in FTCA

3   actions where the discretionary function exception applies because "legislative and sovereign

4   immunity apply," therefore "leave to amend would be futile." *Bryant v. United States*, No. EDCV

5   24-988-KK-DTBX, 2024 WL 4002613, at *4 (C.D. Cal. July 12, 2024) (citing *Schacher v.*

6   *Feinstein*, No. 216CV08726SVWAGR, 2017 WL 7833631, at *1 (C.D. Cal. Jan. 11, 2017)

7   ("legislative immunity provides a clear reason to dismiss this suit without leave to amend") and *Ard*

8   *v. F.D.I.C.*, 770 F. Supp. 2d 1029, 1035 (C.D. Cal. 2011) (dismissing complaint without leave to

9   amend because the claims were barred by the discretionary function exception)). Because Plaintiff

10  has already been given an opportunity to cure the deficiencies in her Complaint and has failed to do

11  so, her claims should be dismissed with prejudice.

12          While pro se pleadings are construed generously, Plaintiff has already been given the chance

13  to amend her Complaint after the United States filed its original motion to dismiss and raised the

14  statute of limitations issue and discretionary function exception. *See* United States Mot. to Dismiss,

15  ECF No. 12. In the Amended Complaint, Plaintiff has not alleged any new facts sufficient to show

16  that her claim is facially outside the discretionary function exception or not barred by the statute of

17  limitations. After the United States filed its initial motion to dismiss, Plaintiff was given the

18  opportunity to remedy her defective FTCA claims by identifying specific and mandatory directives

19  under federal law. Plaintiff failed to identify any federal statutes or regulations proscribing a

20  particular course of action in the Amended Complaint because waste disposal activities are

21  inherently discretionary. *Nanouk*, 974 F.3d at 946-47. Her failure to identify any such mandatory

22  language underscores that additional amendments would be futile.  *See Rivera*, 2025 WL 2977132,

23  at *8. Moreover, Plaintiff's attempts to overcome the statute of limitations bar in her Amended

24  Complaint, as outlined *supra*, Section III(A), (B), are unsuccessful because the email

25  correspondence attached to her original complaint – and conspicuously absent from her Amended

26  Complaint – show she knew about the nature and cause of her injuries on or before September 28,

27  2021 and failed to file an administrative claim within the two year statutory timeframe. *See Ouma,*

28

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1    2020 WL 668598, at *4 (dismissing pro se plaintiff's complaint on statute of limitations grounds

2    because, *inter alia*, "the dates of the events will not change").

3    **V.      CONCLUSION**

4            In conclusion, the Court should grant the United States' request to take judicial notice of

5    Exhibit B to the original Complaint and dismiss the Amended Complaint because it is barred both

6    by the statute of limitations and the discretionary function exception to the FTCA. Plaintiff has

7    already been given the opportunity to cure these deficiencies but failed to do so; therefore, further

8    amendments would be futile and dismissal with prejudice is appropriate.

9

10   DATED: January 28, 2026                      Respectfully submitted,

11                                                BRETT A. SHUMATE
                                                  Assistant Attorney General
12                                                JONATHAN GUYNN
                                                  Deputy Assistant Attorney General
13

14                                                J. PATRICK GLYNN
                                                  Director, Torts Branch
15                                                ALBERT K. LAI
                                                  Assistant Director
16

17
                                                  */s/ Anna Ellison*
18                                                ANNA ELLISON
                                                  Trial Attorney
19                                                Civil Division, Torts Branch
                                                  P.O. Box 340
20                                                Washington, D.C. 20044

21
                                                  *Attorneys for the United States of America*
22

23

24

25

26

27

28

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## <u>CERTIFICATE OF SERVICE</u>

2       The undersigned hereby certifies that she is an employee of the United States Department of

3   Justice and is a person of such age and discretion to be competent to serve papers. The undersigned

4   further certifies that she is causing a copy of the foregoing Motion to Dismiss to be served on

5   Plaintiff Kelly Kirsten Tankersley via mail to the below address:

6       Kelly Kirsten Tankersley

7       1033 Revere Avenue

8       Ste B

9       San Francisco, CA 94124

10      Executed January 28, 2026, at Washington, DC

11

12                                          */s/ Anna Ellison*

13                                          ANNA ELLISON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT