Kelly Kirsten Tankersley )
1033 Revere )OPPOSITION TO MOTION TO
San Francisco, CA 94124 )DISMISS/MOTION TO STRIKE
415-583-6821 )AS PREMATURE
tk0260@gmail.com )ORDER TO SHOW CAUSE
)
)
KELLY KIRSTEN TANKERSLEY )
)
    Plaintiff, pro per )
)
THE UNITED STATES )
DEPARTMENT OF THE NAVY )
)
)
_____)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN CALIFORNIA DISTRICT
SAN FRANCISCO DIVISION

I   INTRODUCTION

Plaintiff proceeding pro se, respectfully submits this opposition to the United Sates Motion to Dismiss. The Motion the government seeks is to bar a claim involving rare catastrophic thermonuclear isotopes- specifically linked to Naval Weapon testing, by claiming the statute of limitations began based on a community activist's comment. The Plaintiff did cure the deficiencies from the original complaint contrary to Defendant claims.

PLAINTIFFS OPPOSITION TO MOTION TO DISMISS
PAGE ONE                                                3:25-CV-05030-AGT

## II  LEGAL STANDARD OF REVIEW

A. PRO SE LITIGANTS.

Plaintiff is proceeding pro se.  It is well established that "pro se complaints, however inartfully pleaded, must be held to less stringent standards than those drafted by formal lawyers". Haines v. Kerner 404, U. S. 519, 520 (1972).   So, there is no acceptable reason for the Defendant's interpretation of what the Plaintiff clearly states as her claim or to describe entries " as appearing to be", "assumed to mean" and "possibly" to describe in a way that implies it is not clear, or unintelligible. There was no "ambiquity" concerning the specific injury the Plaintiff has identified from the start.  Formal Lawyers know better than to relate back to superseded pleadings and any thing related to that pleading.

B.  Rule 12(b)(1) Standard.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual".  Because the Defendant relies on an activist's comment-- a matter outside the pleadings--this is a

a "factual attack.  Therefore, "no presumptive truthfulness attaches to plaintiff's allegations, but the Court must allow Plaintiff the opportunity to present evidence such as medical tests, to prove jurisdiction.  If the jurisdictional facts are "intertwined with the merits" the Court should deny the motion and allow the case to proceed to discovery.

### III   STATEMENT OF RELEVANT FACTS

* A. Plaintiff's Diligent Search for Cause.  Good health is my natural state. Plaintiff knows that something has been robbing her of this for quite some time.  Doctors are not there to find answers and they treat what they know nothing about.  The Plaintiff went to great lengths to get these answers and now she has to fight for treatment in court.

* B. The Navys Mandatory Duties Under NARP and CERCLA.  They have the duty to disclose and the duty to respond.

* C.  The Discovery of Rare Thermonuclear Isotopes.  Testing was done in 2022 by accelerrated mass spectrometry, the only method capable of detecting multiple speciated isotopes of plutonium.  No record of plutonium 244 present at HPNS/ no other possible origin.

* D. The Inadequacy of the "Activist's Comment" as Legal notice. The superseded exhibit was for another purpose taken out of context

## IV   ARGUMENT

* A. Plaintiff's Claim Accrued Only After the Scientific Identification of Rare Isotopes under the Kubrick Discovery Rule.

* B. The "Federally Required Commencement Date" (FRCD) Under 42 U.S.C. 9658 Preempts Any Shorter Statute of Limitations.

* C. The Navy's Violation of Mandatory Federal Regulations (NARP/CERCLA) Supports Equittable Tolling.

* D. The "Private Person " Analogy Under California Law Establishes a Valid State Law Cause of Action.

* E. The Discovery Rule. Under Ninth Circuit Law (e.g., O Connor v. Boeing North American) the statute of limitations doesn't begin until you have reason to suspect the reason or cause of your injury.

## CONCLUSION

1. MOTION TO STRIKE FOR SEQUESTERING OF EVIDENCE

The United States relies on a superseded exhibit to imply earlier

knowledge of an injury.  However, the Navy--the actual Defendant has withheld the specific grounds for it's time-barred denial for over a year and now the U.S. Attorney(s) have stepped in to invent a reason from an old exhibit from a superseded pleading.  Plaintiff request the Court to take notice:

DEFENDANT'S BREECH OF THE DUTY OF CANDOR

1. The Specific Omission:

"In the Defendant's Motion to Dismiss, the Assistant U.S. Attorney (AUSA) Intentionally omits the core basis of this litigation:  the Plutonium 244 (Pu-244) isotopic fingerprint.  Instead, the AUSA relies on a superseded exhibit regarding non-specific toxins (Arsenic/Thallium) to manufacture a "time-barred"defense.

2. Why the Omission is Misleading:

"Thallium" and "Arsenic" are ubiquitous widespread environmental contaminants.  Plutonium 244 is an exceedingly rare, almost non-existent man-made nuclear signature unique to Naval Weapon testing.  By ignoring the Pu-244, the AUSA is purposely misrepresnting the Discovery timeline.   Plaintiff could not have "discovered" the injury until the results from speciated testing.

3. The Bad Faith "Sequestration":

"The AUSA is using Plaintiff's old exhibit as a "sword" while using the withheld Administrative Record as a "shield". Under Federal Rule of evidence 106, the Defendant must not be permitted to "cherry-pick" superseded material to create a false narrative of early discovery while suppressing the actual evidence of Plutonium contamination.

4. Relief Requested:

Plaintiff requests the Court to Strike the Motion to Dismiss as fraud upon the court . The Motion to Dismiss as premature and an order to show cause to produce the Administrative file in it's entire form versus the blank N95 currently submitted into evidence instead.

The Plaintiff is concurrently filing a motion for injunctive relief for emergency medical intervention. Order to show cause can be combined for both if the Court permits. The Defendant has been notified of pending motions and Plaintiff has asked to meet and discuss options for Medical

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Kelly Kirsten Tankersley, Plaintiff

v.

UNITED STATES OF AMERICA, Defendant

Case No. 3:25-cv-05030-AGT

DECLARATION OF KELLY TANKERSLEY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

I, kelly Tankersley am the Plaintiff in this action. I am proceeding pro se.

I have personal knowledge of the facts herein.

On or about Aufust 27, 2024, I sent a voluminous claim to the Navy Judge Advocate regardies injuries, specifically internal exposure of plutonium 238 and plutonium 244.

Contrary to the blank scrap of paper submitted into evidence by the united States Attorney, the administrative file included multiple tests results and all the information I believed would be helpful in settling my claim I had no way of knowing about the plutonium exposure until I received specialized testing.

The community activist posing as a doctor has never treated me, and in fact she has sought to exploit my situation and I veiw her as incompetent

I swear under the penalty of perjury these statements are true

2/10/2026   *Kelly Tankersley*

---

DECLARATION OF OPPOSITION TO MOTION TO DISMISS

PAGE SEVEN                                             3:25-CV-05030-AGT

kelly Tankersley
1033 Revere Avenue
San Francisco, CA  94124
tk0260@gmail.com

TANKERSLEY V.  THE UNITED STATES          3:25-CV-05030-AGT

CERTIFICATE OF SERVICE

THIS IS TO VERIFY THAT PLAINTIFF HAS NOTIFIED THE DEFENDANT

OF THE PLAINTIFFS OPPOSITION TO MOTION TO DISMISS

OPPOSITION TO MOTION HAS BEEN ENTERED INTO THE COURTS

ELECTRONIC DOCKET

UNDER PENALTY OF PERJURY THIS CERTIFICATION OF SERVICE

HAS BEEN DELIVERED TO THE DEFENDANT ON FERUARY 10

KELLY TANKERSLEY