UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.  25-cv-05030-AGT<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER (TRO)**<br><br>Re: Dkt. No. 37 |

Kelly Tankersley, appearing pro se, alleges that she was exposed to plutonium emanating from Hunters Point Naval Shipyard. She is suing the Government for negligence. The Government has moved to dismiss Tankersley's first amended complaint. Dkt. 30. Today, fourteen days after the Government moved to dismiss, Tankersley filed an ex parte application for a temporary restraining order. Dkt. 37.

Tankersley seeks the following relief: (i) an order requiring the Government "to facilitate a standard approved treatment" for plutonium exposure, such as Diethylenetriamine pentaacetate ("DTPA"), *id.* at 2; (ii) an order appointing a neutral expert; (iii) an order appointing counsel; and (iv) an extension of the deadline to respond to the Government's motion to dismiss, "pending outcome of medical intervention," *id.* at 4.

TROs are "restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (citation modified). Here, a TRO isn't warranted.

Putting aside whether Tankersley was exposed to plutonium and whether the Government was responsible, she hasn't established that she needs DTPA treatment immediately, if at all. With her TRO application, she included a written exchange with Dr. Robert Harrison, a physician at the UCSF Occupational and Environmental Medicine Clinic, on June 22, 2025. Therein, Dr. Harrison noted that "Zinc trisodium injection (Zn-DTPA) is used for the treatment of internal contamination with plutonium." Dkt. 37 at 14. He then stated that he wouldn't advise treating Tankersley with Zn-DTPA. *See id.* ("I recall that we discussed whether this type of contamination could have happened in the Hunters Point area. I am not aware that this has happened and wouldn't advise treatment with Zn-DTPA."). No other medical opinion is in the record, and Dr. Harrison's opinion doesn't support Tankersley's request for an order requiring the Government to facilitate DTPA treatment.

Tankersley says local medical providers are colluding with the Navy. Dkt. 37 at 5 ¶ 2. She hasn't offered evidence of collusion. Nor has she made a showing of irreparable harm from a delay in DTPA treatment. The Court won't require the Government to facilitate DTPA treatment, or any comparable treatment, at this time.

The other relief Tankersley seeks isn't well suited for current consideration. The Court would prefer to evaluate the Government's motion to dismiss before appointing counsel, a neutral expert, or both. If the motion to dismiss lacks merit, or if the motion to dismiss has merit but warrants leave to amend, the Court will consider appointing counsel. The Court

will consider appointing a neutral expert if Tankersley's complaint survives the pleading stage. The Government has moved to dismiss based on the statute of limitations and a lack of subject-matter jurisdiction under the Federal Tort Claims Act. Dkt. 30. Tankersley doesn't need an expert's assistance to evaluate and respond to those arguments.

As for Tankersley's request for an extension of time to respond to the Government's motion to dismiss, that request is denied as moot. Tankersley filed an opposition yesterday. Dkt. 36. Because her opposition is on file, an extension of time to file it isn't needed.

The Court denies Tankersley's ex parte TRO application but will convert the application to a motion for a preliminary injunction. The Government may oppose that motion by February 25, 2026, and Tankersley may file a reply by March 4, 2026. The Court schedules a hearing on the motion for a preliminary injunction for March 13, 2026, at 10:00 a.m., the same date and time scheduled for a hearing on the Government's motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 11, 2026

Alex G. Tse
United States Magistrate Judge