"Exhibit A"

BRETT A. SHUMATE
Assistant Attorney General
JONATHAN GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044
(202) 598-7354

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| KELLY KIRSTEN TANKERSLEY<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>THE UNITED STATES<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:25-cv-05030-AGT<br><br>**DEFENDANT UNITED STATES' INITIAL DISCLOSURES**<br><br>Date: September 12, 2025<br>Time: 2:00 P.M.<br>Courtroom: A 15th Floor<br>Judge: Hon. Alex G. Tse |
|---|---|

**THE UNITED STATES' INITIAL DISCLOSURES**

The United States of America makes this initial disclosure of information pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. This initial disclosure is based on information presently available to the United States Department of Justice, Civil Division. Because these disclosures are being made before discovery has commenced, the United States reserves the right to supplement these disclosures as discovery proceeds, as required by Rule 26(e) of the Federal Rules of Civil Procedure.

This initial disclosure is not intended to identify expert witnesses, if any, the United States may use in this case, nor documents or information, if any, used by any experts in this case. The United States will make disclosures regarding expert witnesses, if any, in compliance with the schedule set by the Court and Fed. R. Civ. P. 26(a)(2).

**I.    Rule 26(a)(1)(A)(i): Individuals**

The United States has preliminarily identified the following individuals likely to have discoverable information that the United States may use to defend claims brought against it by plaintiffs.

1. Thomas Campbell

    Tort Claims Attorney

    Department of the Navy

    Office of the Judge Advocate General

    Admiralty and Claims (Code 15)

    Tort Claims Unit Norfolk

    9324 Virginia Avenue, Suite 104

    Norfolk, VA 23511-2949

    Subject: Statute of limitations

2. Juanita Bacey

    Address and Telephone unknown at this time.

    Subject: Plaintiff states in a communication attached to her administrative claim that she reported her "extreme Uranium test results to Nina Bacey."



**Nina Bacey**

Project Manager ⚜ Sr. Env. Scientist

Site Mitigation & Restoration Program

Work cell: 916-251-8141

Bacey.Juanita@dtsc.ca.gov

Department of Toxic Substances Control

CA Environmental Protection Agency

---

Complaint submitted 03/09/2022. Received at DTSC Cleanup Program on 3/22/2022.

Superfund remediation is a very complex process and from all the information I have read, the Dept. of Health and the DTSC are supposed to be working with the EPA to assure the process poses no risk to human health and guide the chosen methods that are used. That is what the term "comprehensive" would seem to imply. The clean-up that has been going on adjacent to where I live has been seriously impacting my health. It has become significantly worse with the increased remedial activities. I have evidence of exposure via inhalation of many toxins including radioactive transuranium elements exceeding all levels of any group listed in the Fourth National Report on Human Exposure to Environmental Chemicals. The test I am referring to is highly accurate and should at least be grounds to acquire other tests that I do not have access to. I am well aware that it is possible to forensically identify the source of my uranium, strontium, cesium exposure along with the many others and it needs to be followed up on.



Kelly Tankersley <tk0260@gmail.com>

## DTSC Online Complaint #COMP-53342 - Dated 3/9/2022
1 message

**Bacey, Juanita@DTSC** <Juanita.Bacey@dtsc.ca.gov>    Thu, Mar 24, 2022 at 4:05 PM
To: "tk0260@gmail.com" <tk0260@gmail.com>

Hi Kelly,

Thank you for submitting your complaint to DTSC and making us aware of your concern. First and foremost, we encourage you to contact your personal physician if you have increasing health concerns. Another option is to contact the University of CA San Francisco Occupational and Environmental Medicine Clinic with your concerns. They are located at 2330 Post St Suite 460, San Francisco, and can be reached at (415) 885-7580. We refer to those resources because, while DTSC has many technical experts, we do not have physicians on staff to see patients.

You are correct that DTSC works with the CA Department of Public Health (CDPH) and U.S. Environmental Protection Agency to protect public health and guide the methods that are used to clean up hazardous waste sites, for example, the former Hunters Point Naval Shipyard.

It appears that the results that you shared with us may be associated with a program lead by Dr. Sumchai. DTSC is aware of Dr. Sumchai's work. She has provided us with some of the results from her work in the past. We have reviewed those results and here are the steps that we have taken thus far:

- We have been in touch with the laboratory (Geneva Diagnostics) used to analyze the results to better understand their meaning.

- We have discussed previously submitted results with the CDPH, the State of CA Biomonitoring Program (CBP), our own toxicologists, and Dr. Kathryn Higley, a Nuclear Science & Engineering Professor at Oregon State University. Dr. Higley is very knowledgeable and available to the public for any questions one might have. I have provided her contact information below.

- We are currently drafting a Fact Sheet that we will make available to the public. It will include information on the protections that are in place at the Hunters Point Naval Shipyard (HPNS) to prevent exposure to the surrounding community.

We have learned from Genova Diagnostics that the chemicals being analyzed are non-radiological metal isotopes and, Genova Diagnostics does not define results that exceed their reference range as toxic. Additionally, these metals, including radiation, do not form vapors that could be inhaled. However, metals can be dispersed with dust. DTSC requires the Navy to prevent dust-borne contaminants from leaving the site, and to conduct monitoring to demonstrate that dust from Navy activities is not blowing into the neighboring community. DTSC has even conducted our own dust monitoring around the Parcel E-2 Landfill cleanup to ensure that the Navy was controlling dust. Our dust monitoring found that the Navy controlled dust effectively. The dust and air monitoring results from DTSC and the Navy are available on our Envirostor website at the below link.

Please feel free to contact me if you have any questions.


Parcel E-2 Reports: EnviroStor (ca.gov)


Dr. Kathryn Higley Contact Info.

https://ne.oregonstate.edu/kathryn-higley

Kathryn.Higley@oregonstate.edu

3.  Kathryn Higley

Address and Telephone unknown at this time.

Subject: Plaintiff states in a communication attached to her administrative claim, "I believe this was also the case with Kathryn Higley who was hired by the Navy (BRAC) to answer radiation related health risk questions from the public about Hunters' Point Shipyard" and that Plaintiff spoke with Kathryn Higley.

The United States reserves the right to supplement this list with other individuals as additional information becomes available.

II.  **Rule 26(a)(1)(A): Documents, Electronically Stored Information, and Tangible Things**

The identification of documents and other material provided herein is based on information currently available to the United States. The United States will supplement this disclosure as needed as additional information is gathered through discovery.

The United States designates the following categories of documents, data compilations, and tangible things currently in its possession, custody, or control that it may use to support its claims or defenses, unless use is solely for impeachment:

1. Plaintiff's administrative claim;
2. Communications sent by Plaintiff to the Navy regarding Plaintiff's administrative claim;
3. Documents, data, and materials relevant to the testing and remediation of the Hunters Point Naval Shipyard.

The United States will make the documents or other evidentiary material available for inspection and copying at a mutually agreeable time, unless privileged or protected, pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure.

The United States reserves the right to supplement this disclosure as any additional documents that it may use to support its claims or defenses become available.

III.  **Rule 26(a)(1)(A)(iii): Damages**

Not applicable.



Kelly Tankersley <tk0260@gmail.com>

## Response to your inquiries
1 message

**Robinson, Derek J CIV USN NAVFAC SW SAN CA (USA)**     Wed, Oct 13, 2021 at 6:57 AM
<derek.j.robinson1.civ@us.navy.mil>
To: "tk0260@gmail.com" <tk0260@gmail.com>

Dear Ms. Tankersley,

Thank you for submitting your question during the Navy's September Hunters Point Naval Shipyard (HPNS) virtual open house. Public health and safety is the Navy's first priority in the cleanup at HPNS. The Navy works closely with federal, state and city agencies to ensure the community is not adversely affected by our activities. The Navy develops a specific work plan for every parcel at HPNS, and each undergoes regulatory review.

The Navy actively manages dust at HPNS by using dust control measures and reviewing air monitoring data to protect the health of workers, tenants, and the community. These measures include maintenance of soil stockpiles, applying water to soil to limit airborne dust and using truck management to reduce soil tracked on to city streets. The Navy also monitors dust surrounding our work zones to ensure Navy dust control measures meet or exceed regulatory standards.

Resources and information on dust control during environmental cleanup at HPNS are available in the *Dust Control and Truck Management During Cleanup* fact sheet (attached).

In addition to your online submission, the Navy has received your voicemail on the HPNS Info Line and Dr. Kathryn Higley has also received a voice message from you. We have attempted to return your calls on two occasions. Dr. Higley is available to answer radiological health and safety questions by email (Kathryn.Higley@oregonstate.edu) or telephone 541-737-0675. You may find additional information about environmental cleanup at HPNS on the Navy's website: www.bracpmo.navy.mil/hpns.

If you have additional questions for me, please email me with your availability (M-F from 8am–4pm) and we can arrange a time to talk.

Best Regards,

Derek J. Robinson, PE

Environmental Program Manager

BRAC Environmental Coordinator

Navy BRAC PMO West

33000 Nixie Way; Bldg 50

**IV.     Rule 26(a)(1)(A)(iv): Insurance Information**

Not applicable.

DATED: September 5, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
JONATHAN GUYNN
Deputy Assistant Attorney General

J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director

*/s/ Lauren Gerber*
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044

*Attorneys for the United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a copy of the foregoing Initial Disclosures was served on Plaintiff via email. Plaintiff, who is proceeding pro se, stated in writing that Plaintiff consents to electronic service.

/s/ Lauren Gerber
LAUREN GERBER





