BRETT A. SHUMATE
Assistant Attorney General
JONATHAN GUYNN
Deputy Assistant Attorney General
J. PATRICK GLYNN
Director, Torts Branch
ALBERT K. LAI
Assistant Director
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044
202-598-7354
lauren.gerber@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| KELLY KIRSTEN TANKERSLEY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF THE NAVY, <br><br> Defendant. | Case No. 3:25-cv-05030-AGT <br><br> **THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 30)** <br><br> Date: March 13, 2026 <br> Time: 10:00 A.M. <br> Courtroom: A 15th Floor <br> Judge: Hon. Alex G. Tse |
|---|---|

Plaintiff Kelly Kirsten Tankersley opposes the United States'[1] motion to dismiss on the basis that her claim did not accrue until she learned the precise toxin that she now alleges caused her injury. Such a claim is contrary to binding precedent and insufficient to overcome the two-year limitations period. The Court should therefore dismiss the First Amended Complaint with prejudice.

**ARGUMENT**

**A.   The Statute of Limitations Began to Run When Ms. Tankersley Suffered Her Injury.**

Under federal law, "the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). Ms. Tankersley alleges that she has been suffering injuries since as early as 2008. *See* ECF 26 at ¶ 3 (alleging menstrual bleeding began in 2008 or 2009); ¶ 4-7 (alleging skeletal pain dating back to 2016). Ms. Tankersley further alleges that since 1997 she has lived "200 feet from Parcel e-2 and this is where she witnessed the events responsible." *Id*. at 6, ¶ 3. Thus, Ms. Tankersley's own allegations demonstrate that she has been aware of her injury dating back to at least 2008, and "spent all her time from 2019 on diligently looking for answers." *Id*. at 6, ¶ 7. Further, Ms. Tankersley has presented evidence that she consulted physicians regarding potential health effects of alleged toxic exposure at HPNS in September 2021. *See* ECF No. 1 at 11 (September 28, 2021 email exchange between Ms. Tankersley and Dr. Ahimsa Sumchai of the Hunters Point Community Biomonitoring Program regarding Ms. Tankersley's test results). Accordingly, at the very latest, Ms. Tankersley was aware of both her injuries and the potential link to exposure at Hunters Point in September 2021, more than two years before she filed her administrative claim in August 2024. *See* ECF 26-1 at 6 (December 3, 2024 email from the Department of the Navy to Ms. Tankersley confirming receipt of her administrative claim on August 27, 2004).

Ms. Tankersley argues that her claim is not time-barred because it did not begin to accrue until she was tested for plutonium exposure in June 2022. *See* Opp'n at 3. This argument fails to

---

[1] The United States is the "sole party which may be sued for personal injuries arising out of the negligence of its employees. Individual agencies of the United States may not be sued." *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir.1984) (internal citations omitted); *see also* 28 U.S.C. § 2679(a). The Navy should accordingly be dismissed as a defendant in this action.

1

overcome the statute of limitations for two reasons. First, Ms. Tankersley was tested for plutonium in June 2022, but did not perfect her administrative claim until August 27, 2024, more than two years after the testing for the specific plutonium isotopes as the alleged toxin at issue. *See Taylor v. Kobayashi*, 2023 WL 2400879, at *1 (9th Cir. Mar . 8, 2023); *see also* Mot. to Dismiss, ECF No. 30 at 8, n.1. Second, the identification of the precise toxin at issue goes to the extent of Ms. Tankersley's alleged injuries, not the accrual of her claims.

Ms. Tankersley seeks to invoke the "discovery rule" from medical malpractice cases to justify the tolling of the limitations period. *See* Opp'n at 4 (citing *United States v. Kubrick,* 444 U.S. 111 (1979)). *Kubrick* recognized the "general rule . . . that a tort claim accrues at the time of the plaintiff's injury," but acknowledged a potential exception in medical malpractice cases that "the 2-year period did not begin to run until the plaintiff had discovery both his injury and its cause." *Kubrick*, 444 U.S. at 119. Even if the Court were to apply *Kubrick* outside the medical malpractice context, under the discovery rule, the undisputed evidence indicates that Ms. Tankersley was aware of both her health problems and their alleged link to HPNS no later than September 2021. *See* ECF No. 1 at 11. She was aware of the "critical facts that [she] has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122. Ms. Tankersley's argument that the limitations period did not run until she learned the precise toxin at issue is the same kind of "technical complexity" in causation that the Court expressly rejected as a basis to toll the limitations period in *Kubrick*. *Id*. at 124. As the Ninth Circuit has held, "to hold that one who knows that an injurious tort has been committed against him by the Government may delay the filing of his suit until the time, however long, when he becomes knowledgeable as to the precise extent of the damage resulting from the tort would impose intolerable burdens upon the Government and would, in effect, frustrate the expressed will of the Congress." *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969). *See also* Mot. to Dismiss at 7-8.

Ms. Tankersley's reliance on the California statute of limitations under 42 U.S.C. § 9658, Opp'n at 4, is also inapt. It is well established that in an action pursuant to the FTCA, federal, rather than state law, determines the date on which a claim accrues. *Washington v. United States*, 769 F.2d 1436, 1438 (9th Cir. 1985).

1  Accordingly, Ms. Tankersley's claim is barred by the FTCA statute of limitations and should
2  be dismissed.

3  **B.  Ms. Tankersley's Claim is Barred by the Discretionary Function Exception of the FTCA.**

5  As argued in the opening Motion, the First Amended Compliant does not plead a claim
6  facially outside the discretionary function exception to the FTCA waiver of sovereign immunity.
7  *See* Mot. to Dismiss at 9-11. Plaintiff's only attempt to address this argument in the opposition is a
8  broad assertion that the Navy had a "mandatory" "duty to disclose" and "duty to respond" under the
9  Nuclear Weapon Accident Response Procedures (NARP) and the Comprehensive Environmental
10 Response, Compensation, and Liability Act (CERCLA). Opp'n at 3. But Plaintiff has not met her
11 burden to identify the specific mandatory requirements that she alleges the Navy was required to
12 follow. *See* Mot. to Dismiss at 11. Further, EPA regulations explicitly provide that federal
13 implementation of CERCLA, such as the Navy's decisions regarding remediation of HPNS, "are
14 discretionary governmental functions." 40 C.F.R. § 300.400(i)(3). Such decisions are subject to
15 policy analysis, *see Nanouk v. United States*, 974 F.3d 941, 946-47 (9th Cir. 2020), and are thus
16 barred by the discretionary function exception. *See also* Mot. to Dismiss at 11-12.

**CONCLUSION**

For the reasons stated herein and in the United States' opening motion, the United States respectfully requests that the Court dismiss the First Amended Complaint with prejudice.

| | | |
|---|---|---|
| 1 | DATED: February 17, 2026 | Respectfully submitted, |
| 2 | | |
| | | BRETT A. SHUMATE |
| 3 | | Assistant Attorney General |
| | | JONATHAN GUYNN |
| 4 | | Deputy Assistant Attorney General |
| 5 | | |
| | | J. PATRICK GLYNN |
| 6 | | Director, Torts Branch |
| | | ALBERT K. LAI |
| 7 | | Assistant Director |

*/s/ Lauren Gerber*
LAUREN GERBER
Trial Attorney
Civil Division, Torts Branch
P.O. Box 340
Washington, D.C. 20044

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, a copy of the foregoing Reply was filed via the Court's ECF system and served on all parties. Plaintiff, who is proceeding pro se, stated in writing that Plaintiff consents to service via the court's ECF system.

February 17, 2026

*/s/ Lauren Gerber*
LAUREN GERBER