1  BRETT A. SHUMATE
   Assistant Attorney General
2  JONATHAN GUYNN
   Deputy Assistant Attorney General
3  J. PATRICK GLYNN
   Director, Torts Branch
4  ALBERT K. LAI
   Assistant Director
5  ALANNA HORAN
   Trial Attorney
6  Civil Division, Torts Branch
   P.O. Box 340
7  Washington, D.C. 20044
   202-598-9070
8  alanna.r.horan@usdoj.gov
9

10 *Attorneys for the United States of America*

11             **UNITED STATES DISTRICT COURT**
12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13
| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY | Case No. 3:25-cv-05030-AGT |
| Plaintiff, | |
| vs. | **THE UNITED STATES OF AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| UNITED STATES OF AMERICA; THE UNITED STATES DEPARTMENT OF THE NAVY, | |
| Defendant. | Date: March 13, 2026 Time: 10:00 A.M. Courtroom: A 15th Floor Judge: Hon. Alex G. Tse |

22
23
24
25
26
27
28

## INTRODUCTION

Plaintiff Kelly Kirsten Tankersley brings a negligence action against the United States under the Federal Tort Claims Act ("FTCA"). *See generally* ECF No. 26. During pendency of the United States motion to dismiss Ms. Tankersley's First Amended Complaint, Plaintiff moves for preliminary injunction requiring the United States "to facilitate a standard approved treatment" for plutonium exposure, such as Diethylenetriamine pentaacetate ("DTPA"). *See generally* ECF No. 37.

This Court should deny Plaintiff's motion for a preliminary injunction for two reasons. First, the Court lacks jurisdiction because only monetary damages are recoverable under the FTCA, not injunctive relief. As the Court cannot grant Ms. Tankersley the requested relief under the FTCA, the motion should be denied. Second, Ms. Tankersley cannot meet the heavy burden and satisfy the four-factor test for a mandatory preliminary injunction. She cannot establish that the law and facts clearly favor her position under the FTCA and, by her own admission, cannot demonstrate that she will suffer irreparable harm if her request is denied. In fact, the evidence she attaches to her application demonstrates the opposite.

## PROCEDURAL HISTORY

On June 13, 2025, Ms. Tankersley filed a Complaint against the United States under the FTCA alleging negligence. ECF No. 1 at 1. On August 25, 2025, the United States moved to dismiss the complaint. *See* ECF No. 12. On September 22, 2025, Plaintiff filed a response to the United States' motion, seeking leave to amend the complaint to address the issues raised in the United States' motion. *See* ECF No. 19. The United States consented to Plaintiff's request, *see* ECF No. 20, and the Court entered a scheduling order requiring Plaintiff to file an amended complaint by November 28, 2025, *see* ECF No. 23. Plaintiff then filed two First Amended Complaints, ECF No. 25 & 26, which appear to be identical except the second filing contains additional exhibits (for this motion the United States refers to the amended complaint with exhibits, ECF No. 26, as, "Amended Complaint"). The United States moved to dismiss the Amended Complaint on the basis that: (1) the action was barred under the applicable statute of limitations in 28 U.S.C. § 2401(b); (2) the Court lacked subject-matter jurisdiction under the FTCA; and (3) further amendments would be futile.

ECF No. 30. On February 10, 2026, Plaintiff filed an ex parte application for a temporary restraining order requiring the United States "to facilitate a standard approved treatment" for plutonium exposure, such as DTPA; the application also sought appointment of a "neutral expert," appointment of counsel, and extension of responsive deadline. *See* ECF No. 37. The Court denied Plaintiff's application for a temporary restraining order, converting the request that the Government "facilitate a standard approved treatment" for plutonium exposure to a motion for a preliminary injunction. The Court denied the remainder of Plaintiff's requests.

FACTS

Plaintiff Kelly Kirsten Tankersley has lived on property adjacent to the former Hunters Point Naval Shipyard ("HPNS") since 1997. ECF No. 26 at 4, ¶1. On June 13, 2025, Plaintiff filed a negligence action against the United States under the FTCA alleging that the Department of Defense contributed to contamination at HPNS and that she suffered personal injuries as a result of toxic exposure. ECF No. 1 at ¶¶4-6. Plaintiff further alleged that the Department of Defense was obligated to provide remediation and medical treatment for her alleged exposure. *Id*. at ¶8; p. 4. Plaintiff points to medical records dating back to July 2022 to assert a need for treatment due to alleged high plutonium levels. *See* ECF No. 37 at 9.

LEGAL STANDARD

"A preliminary injunction is an 'extraordinary remedy' that is never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must show that: (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) and *Winter*, 555 U.S. at 20). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Where a petitioner seeks mandatory injunctive relief — seeking to alter the status quo — "courts should be extremely cautious." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir.

2

1    1994). A mandatory injunction "goes well beyond simply maintaining the status quo pendente lite

2    and is particularly disfavored." *Id*. at 1320 (internal quotations and alteration omitted). A mandatory

3    injunction "should not be issued unless the facts and law clearly favor the moving party." *Anderson*

4    *v. United States,* 612 F.2d 1112, 1114 (9th Cir. 1979). "In general, mandatory injunctions 'are not

5    granted unless extreme or very serious damage will result and are not issued in doubtful cases or

6    where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals,*

7    *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quoting *Anderson*, 612 F.2d

8    at 1115).

9                                          **ARGUMENT**

10       **A.    The Court Lacks Jurisdiction to Issue Injunctive Relief Under the Federal Tort**
             **Claims Act.**

11

12        Plaintiff's requested relief does not constitute a cognizable claim against the United States

13   under the FTCA. Here, Ms. Tankersley requests an order requiring the United States to facilitate

14   administration of a drug or treatment protocol. ECF No. 37 at 3. The FTCA provides federal court

15   jurisdiction for civil claims against the United States for money damages exclusively. *Palm v.*

16   *United States*, 835 F.Supp. 512, 518 (N.D. Ca. 1993). *See also Westbay Steel, Inc., v. U.S.,* 970 F.2d

17   648, 651 (9th Cir.1992) ("there is no jurisdiction under the FTCA to award an equitable lien");

18   *Johnson v. United States*, No. 13-CV-02405-JD, 2015 WL 926207, at *2 (N.D. Cal. Mar. 2, 2015),

19   *aff'd*, 734 F. App'x 436 (9th Cir. 2018) (claim fails because injunctive relief is not available under

20   the FTCA); *Martinez v. United States*, No. 22-CV-1803 JLS (BLM), 2022 WL 17407982, at *3

21   (S.D. Cal. Dec. 2, 2022) ("to the extent Plaintiff seeks injunctive relief, the Court lacks jurisdiction

22   under the FTCA to grant that request."); *Talbert v. United States,* 932 F.2d 1064, 1065–66 (4th

23   Cir.1991) ("only relief provided for in the [FTCA] is 'money damages'"). Therefore, claims for

24   injunctive relief under the FTCA are improper. *Moon v. Takisaki,* 501 F.2d 389, 390 (9th Cir.1974)

25   (dismissal of claim for injunction for lack of jurisdiction was proper because the FTCA does not

26   submit the United States to injunctive relief).

27        This Court therefore lacks jurisdiction to grant Plaintiff's request for injunctive relief in the

28   form of Zn-DTPA treatment for alleged plutonium exposure.

                                              3

1    **B.    Plaintiff Cannot Meet Her Heavy Burden of Clearly Showing Entitlement to
2         Preliminary Injunctive Relief.**

3         Even if this Court were to consider Plaintiff's motion, Ms. Tankersley cannot satisfy the

4    heightened burden for a mandatory preliminary injunction, as she cannot meet any of the four factors

5    to warrant awarding the requested relief.

6         **1.    The law and facts do not clearly favor Ms. Tankersley's FTCA claim.**

7         Ms. Tankersley cannot "establish that the law and facts *clearly favor* her position, not simply

8    that she is likely to succeed." *Garcia*, 786 F.3d at 740 (emphasis in original); *Cox v. Corizon*

9    *Correctional Health Servs.*, Case No. 18-cv-00008-BLW, 2019 WL 956793, at *2 (D. Idaho Feb.

10   27, 2019). Ms. Tankersley alleges "indisputable evidence of causation" through an alleged

11   plutonium fingerprint. ECF No. 37 at 2, ¶1. Plaintiff's Amended Complaint, however, does not cure

12   the defects that warranted dismissal of the original pleading, as detailed in the United States first

13   Motion to Dismiss, ECF No. 12. As detailed in the United States' pending Motion to Dismiss the

14   Amended Complaint, Plaintiff did not allege any new facts sufficient to show that her claim is

15   facially outside the discretionary function exception and has failed to identify a mandatory and

16   specific requirement that the Navy was required to follow and failed to. *See* ECF No. 30 at 11; U.S.

17   Reply, ECF No. 43 at 3. And, as detailed in the United States' motion, Plaintiff's own allegations

18   demonstrate she was aware of her alleged injury as early as 2008, and of its alleged link to Hunters

19   Point Naval Shipyard as early as September 2021. *See* Pl.'s Opp. to Mot. to Dismiss, ECF No. 26

20   at ¶ 3; Compl., ECF No. 1 at 11 (Sept. 28, 2021 email exchange between Ms. Tankersley and Dr.

21   Ahimsa Sumchai of the Hunters Point Community Biomonitoring Program regarding test results).

22   Thus, it is unlikely that Plaintiff will succeed in establishing jurisdiction to proceed with this action,

23   let alone in establishing that the Navy failed to satisfy a mandatory and specific requirement that

24   caused her injuries.

25        Moreover, as discussed in greater detail *infra*, Plaintiff's own evidence establishes that she

26   will face a hurdle proving causation, as a physician advised Ms. Tankersley that he was unaware

27   that the type of contamination Ms. Tankersley alleges warrants her requested course of treatment

28   could originate from Hunters Point. *See* Pl.'s Opp., Ex. B, ECF No. 37 at 14. Thus, Plaintiff has not

1  shown she is likely to succeed in her FTCA claims against the United States.

2           **2.      Plaintiff is unlikely to suffer irreparable harm if her request is denied.**

3          Ms. Tankersley is unlikely to suffer irreparable harm. Plaintiff alleges plutonium exposure

4  is a "life-threatening condition requiring immediate chelation and medical intervention." ECF No.

5  37 at 4-5. Her application for relief seeks to "facilitate a standard approved treatment (dpta)" to

6  prevent a loss of health. ECF No. 37 at 2. Yet the exhibits to Plaintiff's motion undermine and

7  indeed contradict her claims. Plaintiff submits written exchanges with physicans at the University

8  of California San Francisco (UCSF) as the sole medical opinion in support of her motion for relief.

9  *See* Ex. B, ECF No. 37 at 11. According to the written exchange, the treatment protocol sought is

10 not medically advised. ECF No. 37 at 11-15. The exchanges detail a disagreement between Ms.

11 Tankersley and the physicians at UCSF about how to deal with her "complex" case. *See id.* at 11.

12 In particular, Ms. Tankersley was resistant to referrals to a specialist – Dr. Richard Harrison – to

13 address her case and requests for a particular form of treatment. *See id.* at 11-13. Despite assertions

14 by her primary care physician that Dr. Harrison's expertise was needed given the medical questions

15 and the medications at issue, Ms. Tankersley was frustrated that Dr. Harrison declined to provide

16 her with the specific course of treatment she desired – specifically, zinc trisodium injection (Zn-

17 DTPA). *See id.* at 13-14. In fact, Dr. Harrison explained to her that:

18         Zinc trisodium injection (Zn-DTPA) is used for the treatment of internal
           contamination with plutonium…Zn-DTPA is used for people who are
19         accidentally contaminated internally with radioactive materials (i.e.,
           radioactive material that gets inside the body. I recall that we discussed
20         whether this type of contamination could have happened in the Hunters Point
           area. *I am not aware that this has happened and wouldn't advise treatment*
21         *with Zn-DTPA.*

22

23 *Id.* at 14.

24         On its face, the medical evidence attached to Ms. Tankersley's application for relief cuts

25 against the assertion of irreparable harm. Courts in the Ninth Circuit have denied applications for

26 mandatory preliminary injunctions where a plaintiff sought a specific course of treatment despite

27 contradicting medical opinions or simply disagreed with the medical treatment provided. *See, e.g.*,

28 *Doe v. Snyder*, 28 F.4th 103, 112 (9th Cir. 2022) (finding no irreparable harm given competing

5

testimony about how safe, effective, and optimal reconstructive chest surgery is in treating gender dysphoria); *Cox*, 2019 WL 953793 at *2 (finding plaintiff would not suffer irreparable injury if not given the medical treatment that he seeks particularly in light of differing medical opinions and use of alternate course of treatment); *see also Hoge v. Washburn*, 23-cv-00128-JR, 2024 WL 580136, at *2 (D. Or. Feb. 12, 2024) ("Plaintiff's disagreement with this course of treatment does not rise to the level of a likelihood of success on the merits or the likelihood of irreparable harm sufficient to warrant the extraordinary relief of a mandatory preliminary injunction dictating that plaintiff receive different or additional treatment.").

While these cases arose under different circumstances, they are illustrative in analyzing Plaintiff's request for a preliminary injunction. Granting the motion would go against the medical advice of Ms. Tankersley's treating physicians. In response to Ms. Tankersley's complaints, Dr. Harrison articulated that he could not point to *any* contamination from Hunters Point that could have impacted her and warranted Zn-DTPA treatment. *See* ECF No. 37 at 14. Not only does this demonstrate that Ms. Tankersley would not suffer irreparable harm if her application is denied, but it also indicates that her claims fail on the merits. As in *Doe*, *Cox*, and *Hoge*, this Court should abstain from issuing a preliminary injunction simply because Ms. Tankersley wishes to pursue a particular course of treatment, especially where the record demonstrates it is "doubtful" that this treatment is beneficial or could prevent irreparable harm. *See also Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879.

### 3.  The balance of equities and public interest favor denying Plaintiff's motion for preliminary injunctive relief.

When the government is a party, the balance of equities and public interest merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Here, the preliminary injunctive relief sought by Ms. Tankersley would require the United States to facilitate administration of a prescription drug against the medical advice provided by Plaintiff's own physician. ECF No. 37 at 14. The United States would be required to search for specialized medical providers willing to conduct the required medical examination, prescribe the drug, administer the prescription drug, and monitor Ms. Tankersley for the duration of an

unspecified course of treatment. ECF No. 1 at 29. Such relief would require medical evaluations and ongoing medical supervision for the duration of the treatment. Further, as set forth *supra*, the preliminary injunctive relief sought by Ms. Tankersley would run afoul of the FTCA and the parameters for relief set by Congress.

Thus, all four factors weigh against Plaintiff's motion for preliminary injunctive relief, and the Court should deny the motion

## CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny Plaintiff's requestion for a preliminary injunction.

DATED: February 25, 2026                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General
                                            JONATHAN GUYNN
                                            Deputy Assistant Attorney General

                                            J. PATRICK GLYNN
                                            Director, Torts Branch
                                            ALBERT K. LAI
                                            Assistant Director


                                            */s/ Alanna Horan*
                                            ALANNA HORAN
                                            Trial Attorney
                                            Civil Division, Torts Branch
                                            P.O. Box 340
                                            Washington, D.C. 20044

                                            *Attorneys for the United States of America*

1

## CERTIFICATE OF SERVICE

2    The undersigned hereby certifies that she is an employee of the United States Department of

3    Justice and is a person of such age and discretion to be competent to serve papers. The undersigned

4    further certifies that a copy of the foregoing Opposition to Plaintiff's Motion for a Preliminary

5    Injunction was filed via the Court's ECF system and served on all parties. Plaintiff, who is

6    proceeding pro se, stated in writing that she consents to service via the Court's ECF system.

7    Executed February 25, 2026, at Washington, DC

8

9                                              */s/ Alanna Horan*

10                                             ALANNA HORAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1