Kelly K Tankersley
1033 Revere Avenue
San Francisco, CA 94124
(415) 583-6821
tk0260@gmail.com

Case No. 3:25-cv-05030-AGT

KELLY KIRSTEN TANKERSLEY
    Plaintiff pro se,

THE UNITED STATES
THE DEPARTMENT OF THE NAVY;
OF THE UNITED STATES
    Defendant

Date: March 13, 2026
Time: 10:00 A.M.
Courtroom : A 15th Floor
Judge: Hon. Alex G. Tse

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND ADMISSION BY THE DEFENDANT REGARDING DISMANTLED RECORD
_____

"In its reply ECF 44 footnote 26-28, Defendant United States admits for the first time that it posesses 80 additional pages from Plaintiff's original administrative claim that were omitted from the 'blank' record previously produced to this Court".

EXPOSE THE PRETEXT.

"Defendant's excuse that these 80 pages contain a "recitation" of medical history" including a non-party is a pretext to withold Plaintiff's account of the exposure event as it was taking place." One of the two binders was exclusively photographs from August 2021 until at least September 2023 of the extensive earth-moving work that was underway during the time retesting was publicly announced.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
_____

ADDRESS THE THREAT TO SEAL.

"Defendant's suggestion to 'file under seal' is a procedural maneuver to hide the Plaintiff's own evidence from the plaintiff. Under Fed. R. Civ. P. 5.2, the remedy for non-party privacy is redaction, not total withholding of 80 pages of a jurisdictional record".

## PRESUMPTION OF REGULARITY IN REVERSE

The Defendant relies on the "Presumption of Regularity"--the judicial assumption that government officials properly discharge their official duties. However, this presumption is rebuttable upon a "clear showing of contrary injury" or "clear evidence of irregularity". See United States v. Armstrong, 517 U. S. 456, 454 (1995). Plaintiff hereby moves the Court to apply the Presumption of Regularity in Reverse based on the following documented irregularities:

.1 Spoilation of the Administrative Record. Defendant admits to "dismantling", "sequestering", "summarizing" and intentions to file under seal the very evidence it claimed in initial disclosures and forms the basis of the 2401(b) denial.

.2 Equitable Estoppel. The Defendant cannot bring up a time barred defense for something they are actively still concealing. The recent apology for airborne plutonium 200 times the federal release level only came after it was publicly disclosed by a public health officer without consulting the Navy first. The UCSF doctor was kept in the dark as well. The message

the Plaintiff had received was in June of 2025, 5 months prior to the Navy's apology for airborne plutonium. Plaintiff was referred to this doctor and has only spoken to him. He has never examined, tested, treated, or consulted with the Plaintiff in regards to whether ca-dtpa/zn-dtpa is appropiate or not based on Plaintiff's test results. This is the only treatment for suspected or confirmed plutonium contamination and this treatment is specific for plutonium, curium and Americium. Nothing else.

3. Judicial economy and preservation of due process rights. The recent actions by the Defendant supports an injunction to enjoin from further spoilation of evidence. The Plaintiff is not requesting the Defendant to fund any treatment. The Plaintiff would prefer to keep her exposure private as well. The Defendant's characterization of requiring special doctors and special tests are false and unnecessary. Plutonium is ultra-hazardous, delayed treatment has created an imbalance in the status quo. A FTCA action should be a secondary consideration, not one of necessity. Prior to March 13, 2026, the Plaintiff will contact the Defendant and have a joint proposal to be presented first thing day of the hearing. The statements within this notice are true and correct, made under penalty of perjury pursuant to laws of the

*kellyTankersley*

PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY