UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 25-cv-05030-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 30 |

Kelly Tankersley alleges that she was exposed to plutonium while residing near Hunters Point Naval Shipyard (HPNS) in San Francisco. Representing herself, she is suing the United States and the U.S. Navy for negligence. She asserts that the United States, acting through the Navy, contaminated HPNS decades ago, when the Navy used HPNS to clean Navy ships involved in nuclear weapons testing. She further contends that the United States has failed to adequately remediate the contamination, which has caused her physical harm.

Tankersley's claims are governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), which "waives sovereign immunity from suits arising out of certain negligent acts of federal employees." *Chang v. United States*, 139 F.4th 1087, 1092 (9th Cir. 2025) (citation modified). Critically, the FTCA doesn't allow for "judicial second guessing of [discretionary] . . . administrative decisions grounded in social, economic, and political policy." *Id.* at 1093 (citation modified). Such "discretionary function[s]" cannot be the basis for an

FTCA claim. *Id.* (citing 28 U.S.C. § 2680(a)).

Tankersley's claims ask the Court to engage in judicial second guessing of the kind the FTCA prohibits. In 1989, the EPA placed HPNS on the National Priorities List, under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9601–9675, as a Superfund site with hazardous contaminants requiring a long-term cleanup plan. 54 Fed. Reg. 48184 (Nov. 21, 1989). Since then, site testing and remediation efforts have been ongoing. *See, e.g.*, 64 Fed. Reg. 16351 (Apr. 5, 1999) (removing one HPNS parcel from the National Priorities List after the EPA and the State of California determined that remedial actions had been successful while noting that other HPNS parcels "are still undergoing remedial actions"); Dkt. 26-2, FAC, Ex. C (attaching a copy of the Navy's 2024 Operation and Maintenance Report on HPNS parcels).

The EPA is required to maintain the National Priorities List pursuant to CERCLA, 42 U.S.C. § 9605(a)(8)(B), but no federal statute, regulation, or policy prescribes how the EPA or other federal agencies, like the Navy, must remediate any specific Superfund site. The remedial choice is "discretionary." 40 C.F.R. § 300.400(i)(3). There is also no question that the Navy's exercise of that discretion "involve[s] policy choices." *OSI, Inc. v. United States*, 285 F.3d 947, 953 (11th Cir. 2002) (alteration in original) (quoting *Aragon v. United States*, 146 F.3d 819, 826 (10th Cir. 1998)). "The nature of the military's function requires that it be free to weigh environmental policies against security and military concerns." *Id.*

The government's remediation efforts at HPNS reflect the kind of discretionary policy judgments that the FTCA's discretionary function exception protects. *See United States v. Colbert*, 1991 WL 183376, at *3 (S.D.N.Y. Sept. 11, 1991) ("[C]laims arising out of the conduct of government employees in carrying out an EPA response action [under CERCLA]

2

may not be brought under the FTCA because they fall within the discretionary function exception . . . ."). Because the discretionary function exception applies, the Court lacks subject-matter jurisdiction over Tankersley's negligence claims. *Fiedler v. United States*, 165 F.4th 1310, 1321 (9th Cir. 2026).

Tankersley cannot sue the United States and the Navy for negligence, but the Court doesn't seek to downplay the seriousness of her allegations. As HPNS's Superfund designation illustrates, the federal government is aware of contaminants at HPNS. Challenges with the HPNS cleanup have also resulted in considerable litigation. For example:

- In 2017, two former supervisors of Tetra Tech EC, Inc., a company hired by the Navy to perform radiological remediation, pleaded guilty to falsifying soil samples at HPNS. *United States v. Rolfe*, No. 17-cr-00123-JD, Dkt. 7; *United States v. Hubbard*, No. 17-cr-00278-JD, Dkt. 8.

- In 2025, the United States and Tetra Tech agreed to a $40 million consent decree to settle the United States' CERCLA claims against Tetra Tech for HPNS remediation response costs. *United States ex rel. Jahr v. Tetra Tech EC, Inc.*, No. 13-cv-03835-JD, Dkt. 503.

- In the same action, *United States ex rel. Jahr*, the United States and Tetra Tech are seeking approval of a $57 million settlement of claims for fraud, breach of contract, and False Claims Act violations. *Id.*, Dkt. 509.

- In an ongoing citizens suit, a non-profit organization is seeking declaratory and injunctive relief for the Navy's and the EPA's alleged violations of CERCLA. *Greenaction for Health and Environmental Justice v. United States Dep't of the Navy*, No. 24-cv-03899-VC, Dkt. 50.

- And in *Pennington v. Tetra Tech EC, Inc.*, No. 18-cv-05330-JD, HPNS homeowners are seeking damages from Tetra Tech and real-estate developers related to the cover-up of HPNS contamination. *Id.*, Dkt. 157.[1]

Whether Tankersley can participate in or benefit from any of the above cases, or from any similar litigation, is beyond the scope of this order. But suffice it to say that the government is aware of contamination at HPNS, and efforts are being taken to address it.

The United States, however, hasn't waived sovereign immunity over tort actions like Tankersley's, which is predicated on discretionary, public-policy related decisions. *Chang*, 139 F.4th at 1092–93. For this reason, Tankersley's negligence claims cannot proceed. The Court grants the United States' and the Navy's motion to dismiss. The Court also concludes that an amendment of the complaint would be futile given the discretionary function exception's applicability. The Court dismisses the operative complaint with prejudice.

Having concluded that the discretionary function exception applies, the Court won't separately consider whether the FTCA's statute of limitations bars Tankersley's claims. *See* Mot., Dkt. 30 at 12–15 (presenting untimeliness as an alternative ground for dismissal).

**IT IS SO ORDERED.**

Dated: March 11, 2026

Alex G. Tse
United States Magistrate Judge

---

[1] The Court takes judicial notice of the filings cited above in federal cases involving HPNS. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").