UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY KIRSTEN TANKERSLEY,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA, et al.,<br>Defendants. | Case No. 25-cv-05030-AGT<br><br>**ORDER ON MOTION TO CORRECT THE RECORD**<br><br>Re: Dkt. No. 52 |

This case is on appeal. Plaintiff-appellant, however, has asked the Court to correct the record pursuant to Federal Rule of Appellate Procedure 10. Dkt. 52. Rule 10(e)(2)(B) provides that before or after the record has been forwarded to the court of appeals, the district court can correct the record "[i]f anything material to either party is omitted from or mis-stated in the record by error or accident." Fed. R. App. P. 10(e)(2)(B).

Plaintiff has asked the Court to "clarify the record regarding the following clerical and electronic document assembly issues":

> 1. Following filing updates regarding Appellant's Motion to Compel, an Amended Motion was entered on the district court docket as ECF No. 42. Due to electronic document assembly errors, the compiled

> attachments under ECF No. 42 contain duplicate entries of Defendant's disclosures and historic page stamps from prior docket entries that do not represent the intended motion file[d]. The sole supporting exhibit intended by Appellant to accompany the substantive text of that motion resides exclusively at ECF No. 39-4.
>
> 2. Due to background data routing following the Court's order vacating ECF No. 39, a standalone placeholder entry was generated at ECF No. 40, which now erroneously contains a standalone copy of the Government's Initial Disclosures as ECF No. 40-1. Appellant did not file this document, and it forms no part of Appellant's active motion.
>
> 3. On March 10, 2026, Appellant filed a Notice of Supplemental Authority designated as ECF No. 46. The intended filing was a simple 3-page document consisting strictly of the notice text (ECF No. 46) and the administrative claim photo attachments (ECF No. 46-1). . . . Due to a system assembly error, an unrelated exhibit belonging to a prior motion (ECF No. 37) was bound into the entry as ECF No. 46-2, and a detached Certificate of Service containing redundant blank pages was generated as ECF No. 46-3.

Dkt. 52 at 2–3.

None of the above issues need to be corrected by the Court. Plaintiff hasn't identified any missing documents; rather, she says that certain documents in the record are documents she didn't intend to file. *See id.* ("Due to electronic document assembly errors, the compiled attachments under ECF No. 42 contain duplicate entries . . . ."); *id.* ("[A] standalone placeholder entry was generated . . . , which now erroneously contains a standalone copy of the Government's Initial Disclosures as ECF No. 40-1. Appellant did not file this document . . . ."); *id.* ("Due to a system assembly error, an unrelated exhibit belonging to a prior motion (ECF No. 37) was bound into the entry as ECF No. 46-2").

Plaintiff hasn't explained how any of these unintended filings or clerical errors would materially impact her appeal, nor is the basis for any such concern apparent to the Court. If Plaintiff is worried that the issues she has flagged could confuse the Ninth Circuit, she may address them in her appellate briefs. The Court will not correct the record.

Plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated: October 21, 2026

Alex G. Tse
United States Magistrate Judge